## C. S. Swan *v.* A. E. Gray.

1. MANDAMUS—PRACTICE.—There being no statutory provisions regulating proceedings for *mandamus*, our courts are governed by the rules of the common law. A return to a *mandamus* in the alternative is to be taken as true, and the aggrieved party is left to his action on the case for false return, and if he succeed, the court will grant a peremptory *mandamus*. 6 Bac. Ab., 452. In a return to a *mandamus*, the defendant must either deny the facts stated in the alternative writ, or show other facts sufficient to defeat the relator's claim. 10 Wendell, 25.

2. SAME.—The petition is *ex parte*; if it make a *prima facie* case, the alternative writ of *mandamus* is awarded, which the defendant must answer, by showing that he has performed the act required, demur to the writ (which, if sustained, ends the case), or make return denying the allegations of the writ, or setting up new matter constituting a defense.

3. CHANCERY CLERK—OFFICIAL DISCRETION.—The duty of the chancery clerk to approve official bonds is in the nature of a judicial act, requiring the exercise of judgment or discretion in its performance, and the court cannot act directly on the officer and guide and control his judgment or discretion in a matter entrusted to him in the discharge of his official duties. 14 Peters, 497. When an officer has a discretion the court will not grant a *mandamus* to control that discretion. 6 Bac. Ab., 420, 423; *ex parte* Jesse Hoyt, 13 Peters, 279. Where a judge 'acts in his judicial capacity as deciding on the propriety of issuing a warrant, a *mandamus* will not be granted to compel him to decide according to the dictates of any judgment but his own. Post Master general v. Trigg, 11 Peters, 179.

Error to the circuit court of Newton county.  LEACHMAN, J.

The plaintiff in error assigns the following errors:

1st. The court below erred in overruling the demurrer to relator's petition for *mandamus.*

2d. The court erred in refusing to allow the return and answer to be filed on the overruling of the demurrer.

3d. The court erred in overruling a peremptory *mandamus.*

*Cooper & Cole*, for plaintiff in error.

This was a proceeding begun in the circuit court of Newton county, in term time, by a petition for a writ of *mandamus* by the the defendant in error, against the plaintiff in error, to compel him, as clerk of the chancery court of said Newton county, to approve the official bonds of defendant, as sheriff and tax-collector of said county.

The petition was filed on the first day of the August term, 1869, of said court, and on same day, a supplemental petition was filed, to which a demurrer was interposed, which was overruled by the court.  This judgment of the court is assigned for error.  We think the causes of demurrer were well taken, as the right or duty sought to be enforced was not certain.  See, Swann v. Work, 24 Miss., 439, involved the exercise of judgment and discretion.  See section 42 of the act in relation to chancery courts.

When there is discretion and judgment to be exercised by an officer, he is not subject to be directed and governed by a *mandamus* from any court.  Brashear v. Mason, 6 How.; Decatur v. Paulding, 14 Peters, 497; Kendall v. United States, 12 Peters, 524; Swann v. Work, 24 Miss., 439; Wilson v. Griffith, ib., 468; Swann v. Buck, 40 Miss., 268.

Upon the overruling of the demurrer, the plaintiff in error asked leave of the court to file his answer in the nature of a return to the writ in the alternative, which was then drawn up, sworn to, and presented to the court, but the court refused to allow him to make any answer, and awarded a peremptory *mandamus.*

Instead of the refusal to allow the answer to be filed, the

court should have compelled a return of the facts. See Swann v. Work, above cited.

It is assigned for error, in the third place, that the court erred in awarding a peremptory *mandamus*. See Swann v. Buck, 40 Miss., 268. There must be a clear legal right, and no specific remedy for its enforcement. When directed to a specific officer, it must be to enforce the performance of a mere ministerial act, not involving, on the part of the officer, the exercise of any judgment or discretion. Mayberry v. Madison, 1 Cranch, 137; Decatur v. Paulding, 14 Peters, 524; Brashear v. Mason, 6 How. S. C., 92.

In the case of Kendall v. United States, 12 Peters, 524, the writ was sustained on the ground that the duty sought to be enforced was a "precise, definite act, purely ministerial," and about which the post-master-general had no discretion whatever.

We submit that the case at bar is clearly within the principles laid down in this opinion. To empower the clerk with the duty to approve the bonds, etc., necessarily requires that he should be satisfied that the bonds were in due and legal form, in the proper penalties, and that the security was good and sufficient. See Rev. Code, 136, art. 137. And to perform this duty with fidelity, he was bound to the exercise of a sound judgment and discretion.

No brief on file for defendant in error.

PEYTON, C. J.:

This was an application for a writ of *mandamus*. The relator, A. E. Gray, states in his petition, that on the 15th day of June, 1870, he was duly and legally appointed sheriff of Newton county, and that he presented his bonds as such sheriff and tax-collector for the proper amounts, with good and sufficient sureties therein, to C. S. Swan, clerk of the chancery court of said county, for his approval, who refused to approve the same.

To this petition the defendant, C. S. Swan, demurred, on on the ground that the petition does not show that the appli-

cant is entitled to the relief he prays. The demurrer was overruled by the court, and thereupon the defendant asked leave to file an answer to the petition, which was refused by the court, and upon motion of the relator, a peremptory *mandamus* was issued. And from this action of the court, the defendant prosecutes here this writ of error.

According to the English practice, the proceedings in *mandamus* were formerly commenced by a motion in court, the grounds for which were supported by the production of affidavits, asking for a rule against the defendant, to show cause why the writ of *mandamus* should not issue. The hearing on the motion was *ex parte*, and no previous notice to the opposite party was necessary.

The more common practice in this country is to file a formal petition, alleging in detail the grounds of application, and praying for a writ of *mandamus* to be issued. This petition is sworn to by the applicant, or supported by the affidavits of others. If this petition makes a *prima facie* case, an alternative writ of *mandamus* is issued, commanding the defendant to do the thing required, or to show cause why it should not be done. To this writ the defendant must either do the thing required, demur or make return. If the demurrer is sustained, that disposes of the application, and a peremptory *mandamus* is denied. But if the demurrer be overruled, then the defendant must make return, denying the allegations of the writ, or setting up new matter constituting a defense to the relator's claim.

And as we have no statutory provisions regulating the proceedings in cases of *mandamus*, we are to be governed by the principles of the common law, by which the return to a *mandamus* in the alternative is to be taken as true, and the aggrieved party is left to his action for a false return. And the court must grant or refuse a peremptory *mandamus*, according to the rules of law, applicable to the facts set forth in the return. If the return be insufficient, or falsified in an action on the case, the court regularly grants a peremptory *mandamus*. 6 Bacon's Ab., 452.

In a return to a *mandamus*, the defendant must either deny the facts stated in the alternative writ, or show other facts sufficient to defeat the relator's claim. Commercial Bank of Albany v. the Canal Commissioners, 10 Wendell, 25.

The petition for a *mandamus* is an *ex parte* proceeding, and if it make a *prima facie* case, the court awards an alternative *mandamus*. This brings the defendant into court, and he must answer the writ, either by showing that he has performed the act required to be done, demur to the writ, which demurrer, if sustained, puts an end to the application, or make return denying the allegations of the writ, or setting up new matter constituting a defense to the relator's claim.

This mode of proceeding was entirely ignored by the counsel and the court in this case, and a peremptory writ of *mandamus* was issued upon the mere *ex parte* application of the relator, without giving the defendant an opportunity to show cause why it should not issue. This is error.

It is made the duty of the clerk of the chancery court to approve the bonds of all county officers. Acts of 1870, § 42, p. 59. This is in the nature of a judicial act, requiring the exercise of judgment and discretion in the performance of it. It is not a ministerial duty; and the court could not, by *mandamus*, act directly upon the officer, and guide and control his judgment or discretion in the matter entrusted to him in the discharge of his official duties. The principle of the case of Decatur v. Paulding is decisive of the present one. In that case, in 14 Peters, 497, the court distinguish it from the case of Kendall v. the United States, 12 Peters, 524, in which there was a *mandamus* to enforce the performance of a mere ministerial act, not involving, on the part of the officer, the exercise of any judgment or discretion.

When a court or officer has a discretion, the court will not grant a *mandamus* to control that discretion. 6 Bacon's Ab, 420, 433; *ex parte* Jesse Hoyt, 13 Peters, 279.

When a judge acts in his judicial capacity, as deciding on the propriety of issuing a warrant, the supreme court will not grant a *mandamus* to compel him to decide according to the

dictates of any judgment but his own.    Postmaster-general v. Trigg, 11 Peters, 173; ib., 573; 8 ib., 291; 6 ib., 661.

In this case we think the court acted prematurely in granting the peremptory *mandamus.*

The judgment must be reversed and the cause remanded.