## MAYOR AND ALDERMEN OF VICKSBURG V. JOHN RAINWATER et al.

1. MANDAMUS.—Where an officer or inferior tribunal is allowed to exercise a discretion, *mandamus* may compel action if refused, but will not control the manner of exercising the discretion.

2. SAME—ELECTIONS.—By their charter, the board of aldermen of the city of Vicksburg are "the judges of the election and qualifications of its own members," with "power to order elections," etc. *Held,* that this vests in them a discretion, in the mode of exercising which, *mandamus* will not interfere.

ERROR to the circuit court of Warren county. BROWN, J.

The opinion of the court presents all the facts of the case.

*Miller & Birchett* and *T. J. & F. A. R. Wharton,* for plaintiffs in error.

When a discretion is left to an inferior tribunal, the writ of *mandamus* can only compel it to act. It can not control the discretion. Rev. Code of 1871, § 1871; Swan v. Gray, 44 Miss. 393.

Section 6 of the charter of Vicksburg, approved July 21, 1870, provides, "that the board of aldermen shall be judges of the election and qualification of their own members; and the members of their respective boards may determine any vacancies or order new elections as may be requisite, and the board of aldermen, upon a report of the same, shall fix the time and place, with the appointment of the necessary officers, to hold a special election as herein provided, and the mayor shall give the requisite notice for holding the same." This section vests a discretion with which the writ of *mandamus* can not interfere.

No counsel for defendants in error

TARBELL, J.:

This is a proceeding by *mandamus* to compel the board of mayor and aldermen of the city of Vicksburg to grant to the petitioners a certificate of election as

aldermen of said city. For this purpose, John Rainwater and Lee Stokes presented their petition to the Hon. Geo. F. Brown, judge of the circuit court of Warren county, setting forth that at a charter election for officers of said city, held on the 5th day of December, 1871, pursuant to the city charter, they were duly elected aldermen of the third ward thereof, and by a majority of the voters of said ward. They further represent, that they had demanded of the said board a certificate of their election, but that such certificate had been refused, whereupon they prayed for a summons against the members of the said board, commanding them to appear before his honor on the 26th day of December, 1871, " to show cause, if any they can, why a peremptory *mandamus* should not issue against them." To the summons the defendants made answer denying that the petitioners had been duly elected aldermen, as alleged in their petition, and stating further, " that said petitioners presented their said case to respondents officially, and introduced evidence in support of the averments of their said petition, and that said board of mayor and aldermen, after taking into consideration all the evidence in said case, decided said matter adverse to said petitioners, and set aside said election, and ordered and had held another election ;" and they formally " deny that it has been satisfactorily proven to them that said petitioners were elected as they claim ; deny that said election was legally held, and that a majority of the votes thereat were put in the boxes and counted out for said petitioners ; deny that petitioners are deprived of said offices by any technical omission of the judges thereof, other than were legal and valid objections thereto ; or that respondents have been derelict in their duty in their hehalf, and they deny that it is their duty to issue certificates of election to said petitioners, and they show that said matters have been fully and at length examined by them, after many hear-

ings of petitioners and their counsel, and the judgment of respondents has been against this claim of petitioners to said offices, which said judgment they aver is binding and conclusive upon said petitioners, and they are not entitled to have said matters relieved in this or any other court."

The matter was submitted for decision upon a written agreement of facts, as follows: "This cause is submitted to the court upon the petition and answer, and the following agreed state of facts: That there is in the ballot-box used in the election in controversy, the following ballots: For Rainwater, 320; for Tappin, 298; for Stokes, 319; for Klein, 301. That the judges of said election failed to make any report of said election, and made the statement herewith filed, marked 'A.' That the board of mayor and aldermen took the action in said election recited in their answer in said cause."

The statement marked " A," referred to, is the " tally-sheet" of the election, used by the teller in counting out the votes, indicating the several candidates, and the number of votes received by each.

Upon the agreed state of facts and tally sheet, judgment was giving awarding a peremptory *mandamus*, commanding the board to issue the certificates of election to the petitioners, as prayed for by them. From this judgment the mayor and aldermen prosecuted a writ of error, and ask a reversal of said judgment upon the following grounds:

1. Because the court gave judgment that appellants should issue certificates of election to the appellees.

2. Because the court disregarded the judgment of the appellants, seth forth in their answer.

3. Want of jurisdiction of the case made by the pleadings.

4. That the judgment is contrary to law.

The charter of the city of Vicksburg, granted by the legislature, and approved July 21, 1870, contains this

provision: " That the board of aldermen shall be judges of the election and qualification of their own members, and the members of their respective boards may determine any vacancies, or order new elections, as may be requisite," etc. This confers upon the board a discretion which cannot be controlled by the courts. Upon the board is conferred power to judge, not only of the qualifications, but of the election of its members, with power to order elections. This seems to be the same power conferred upon the respective houses of congress, and of the state legislature, under which each proceeds to determine, for itself, contested seats, by inquiring into the validity of the election · and the legality of the votes cast, and decides which of the claimants is entitled to a seat; or to order a new election; in which mode the board of aldermen proceeded in the case at bar. The Code of 1871, § 1521, has incorporated therein the rule of the common law, announced by this court in Swan v. Gray, 44 Miss. 393, as follows: " Where a discretion is left to an inferior tribunal, the writ of *mandamus* can only compel it to act. It cannot control the discretion of the inferior tribunal." In the exercise of the authority conferred by law, the board of aldermen, upon the application of the petitioners for certificates of election, after evidence given, determined, substantially, that there had been no legal election; that the petitioners had not been elected by a majority of the legal voters of the ward in which they were candidates; that they were not entitled to certificates; that vacancies existed, and that a new election should be ordered, which was accordingly adjudged and held, resulting in the choice of other persons, who have qualified and now fill the offices claimed by these petitioners. The pleadings and proceedings are somewhat informal, but no question is made on these grounds, and we treat them as sufficient for the purpose of settling the contest.

*The judgment is reversed, and the petition dismissed.*