REUBEN SHOTWELL *v.* W. T. COVINGTON.

1. MANDAMUS. *Judicial act. Approval of bonds. Code* 1880, §§ 405, 406.

   Under code 1880, §§ 405, 406, the president of the board of supervisors, in approving or disapproving bonds of county officers, acts judicially, and, however unjust or arbitrary his acts may be, they are not subject to revision by *mandamus. Swan* v. *Gray,* 44 Miss., 393.

2. STARE DECISIS. *Construction of statute. Re-enactment.*

   This court uniformly refuses to overrule a decision settling the construction of a statute where, after the decision, the statute has been re-enacted.

FROM the circuit court of Quitman county.
HON. R. W. WILLIAMSON, Judge.

The case is stated in the opinion.

*F. A. Montgomery, Jr.,* and *Cook & Anderson,* for appellant. No briefs on file.

*Ira D. Oglesby,* for appellee.

The general rule is, that a judicial or *quasi*-judicial discretion cannot be controlled by *mandamus.* An exception to the rule is, that where no remedy is provided by appeal, and there is a flagrant abuse of discretion, by the corrupt and arbitrary exercise of it, *mandamus* will lie. 98 Am. Dec., 376; 61 Ind., 379; 44 Mo., 230; 41 *Ib.,* 226; 76 Cal., 545; Tapping on Mandamus, 914.

I submit that the approval of bonds by the president of the board of supervisors partakes of the character of a ministerial rather than a judicial act. Mechem on Public Officers, 314.

*James R. Chalmers,* on the same side.

Code of 1871, § 1521, provided that the writ of *mandamus* could only compel an inferior tribunal to act, but could not

control the discretion of such tribunal. This is the rule of the common law, as announced in *Swan* v. *Gray*, 44 Miss., 393, and *Mayor* v. *Rainwater*, 47 *Ib.*, 547.

I submit that chapter 70 of the code of 1880, relative to *mandamus*, by its several provisions, changes the common law rule. It provides that courts must frame their judgments in *mandamus* cases "to meet the exigencies of the case," and compel a performance "of what has been adjudged." That *mandamus* is a proper remedy, see *Myers* v. *Chalmers*, 60 Miss., 772; *Myers* v. *State*, 61 *Ib.*, 138; *McCulloch* v. *Stone*, 64 *Ib.*, 378.

In Missouri it is held that *mandamus* lies to compel a county court to approve the bond of the sheriff. *State* v. *Lafayette County*, 41 Mo., 221; *Ex parte Walters*, 18 Am. St. Rep., 103.


COOPER, J., delivered the opinion of the court.

The appellee was elected at the last general election to the offices of clerk of the circuit and chancery courts of Quitman county, and duly commissioned as such by the governor. He presented to the appellant, who is president of the board of supervisors, and, as such, charged with the duty of approving the official bonds of appellee, his bonds for examination and approval. The appellant, professing to believe that the sureties were insolvent and insufficient, refused to approve them, whereupon, the appellee applied for a writ of *mandamus* to compel him so to do. Appellee averred in his petition that appellant, in refusing to approve the bonds, did so arbitrarily and corruptly, for the purpose of defeating him in his right to said offices, and not in the honest discharge of an official duty. The appellant demurred to the petition, and, the demurrer having been overruled, filed an answer, denying that his act in rejecting the bonds was arbitrary or corrupt, but averred that he honestly and fairly examined said bonds and the solvency of the sureties thereon, and, being satisfied that said sureties were not sufficient, refused to approve them.

On the issue thus presented, a trial was had, and, upon the conclusion of the testimony, the court gave to the jury a peremptory instruction to find for the relator, and, upon a verdict in his favor, entered an order for the peremptory *mandamus* prayed. From that judgment, the defendant prosecutes this appeal.

The facts developed in evidence fully warranted the court, in our opinion, in giving the peremptory instruction to the jury to find in favor of the sufficiency of the bonds tendered by the appellee, if the duty devolved by law on the appellant was subject to revision and control by *mandamus*. In short, we are of opinion that the facts disclosed do show a capricious and arbitrary exercise of power by the appellant, against which the appellee should have relief, if it may be afforded in this action. But we are constrained to hold that the remedy by *mandamus* cannot be invoked, for the reason that the law has delegated to appellant a *quasi*-judicial power in the matter of approval of official bonds, in the exercise of which he cannot be controlled or directed by other tribunals.

There is some conflict among the courts as to whether the power delegated to officers or courts to approve bonds of public officers is ministerial or judicial in its nature (a conflict ignored by Mr. High in his work on extraordinary legal remedies, who cites only the cases holding the power to be judicial. High on Ex. Leg. Rem., §§ 46, 164, 326). That the power is judicial in its character is held in Alabama. *Ex parte Thompson*, 52 Ala., 98; *State* v. *Bowen*, 6 Ala., 511; *Ex parte Harris*, 52 Ala., 87 (overruling *State* v. *Ely*, 43 Ala., 568, and *Ex parte Candee*, 48 Ala., 386). Tennessee: *Thomason* v. *The Justices*, 3 Hum., 233. Minnesota: *In re Prickett*, Spencer, 134.

On the other hand, it has been held in Missouri that such power is ministerial. *State* v. *Lafayette County Court*, 41 Mo., 221, and it would probably be so held in New York, California and Virginia. *People* v. *Taylor*, 30 How. Pr., 78; *Railroad Co.* v. *Stockton*, 51 Cal., 328; *People* v. *Supervisors*,

45 Cal., 395; *Commonwealth* v. *Justices*, 2 Va. Cases, 9. See note to *Weededon* v. *Richmond*, 98 Am. Dec., 373.

In *Swan* v. *Gray*, 44 Miss., 393, it was decided that the power was judicial in its character, and, therefore, not subject to revision. In view of the interest of the public in having officers elected by them inducted into office, we should have preferred that line of authorities holding the power of approving officers to be ministerial rather than judicial; but, since the decision of *Swan* v. *Gray*, our laws have undergone codification, and we find nothing in the code of 1880 evidencing a purpose of the legislature to alter the rule announced in that case. We have uniformly declined to overrule a case settling the construction of a statute, where, after the decision, the statute has been re-enacted.

Holding, as we must, that it is settled that the power given to the approving officer is judicial, we are unable to perceive upon what principle we can decide that an arbitrary, or even corrupt, abuse of the power can be corrected by *mandamus*. In *Ex parte Thompson*, 52 Ala., 98, the court said: "If the case should ever occur in which it is made to appear that the officer charged with the approval of an official bond has been so insensible to his official responsibilities as to withhold approval, from whim or caprice or arbitrarily, we will not say a remedy by *mandamus* may not exist—that then the refusal would not be, in legal effect, a mere refusal to exercise his power. *Commissioners of Poor* v. *Lynah*, 2 McC. (So. Ca.); *Arberry* v. *Beavers*, 6 Texas, 457."

We have examined the cases cited (*Commissioners* v. *Lynah*, 2 McC., 170, and *Arberry* v. *Beavers*), and find that the cases presented no feature of a capricious or arbitrary exercise of power by the defendants. It is true the court said in each case that it would not decide that no relief could be granted by *mandamus* if such arbitrary or corrupt action should be shown, but certainly neither of these cases, nor that of *Ex parte Thompson*, is authority for the proposition that an arbitrary exercise of power is subject to revision by *man-*

*damus.* To us, it seems that if the act is a judicial act, it can no more be revised or corrected by *mandamus,* because of the motive of the officer, than can any other judicial decision. As was well said in *Ex parte Harris,* 52 Ala., 87 : "It is the nature of the power itself, what it involves, that determines its character." It was also said in that case that "if, in the exercise of the power of approval, however erroneous his action, in the absence of statutory provisions subjecting him to liability, he (the approving officer) is exempt, on the common law principle which protects a judge from liability to suit or indictment for judicial acts or omissions."

However unfortunate it may be that the appellee is left without remedy for what appears to have been a grossly arbitrary refusal by the approving officer to approve his bonds, we cannot, because of a hard case, legislate for his relief. It is to be hoped that some legislative remedy will be afforded for the future against recurrence of so scandalous abuse of power. But we know of no authority for holding that the rule of law, applicable to all courts, which forbids the inquiry into the motive of the judge as a means of attack upon his decision, should not extend to and cover the decision of the approving officer, the same being a *judicial* act.

*The judgment is reversed, the demurrer sustained and the petition dismissed.*