PEARL RIVER COUNTY BANK *v.* TOWN OF PICAYUNE.

[89 South. 9, No. 21949.]

MANDAMUS.  *Selection of municipal depository by mayor and aldermen not subject to review by mandamus.*

Under chapters 253 and 257, Laws of 1914 (sections 4251—55, 4235, et seq., Hemingway's Code), the mayor and board of aldermen in the selection of a municipal depository are vested with discretionary powers, which powers are not subject to judicial review in a mandamus proceeding.

APPEAL from circuit court of Pearl River county.
HON. A. E. WEATHERSBY, Judge.
Petition for writ of mandamus by the Pearl River County Bank against the Town of Picayune. From a dismissal of the petition on demurrer, petitioner appeals. Affirmed.

*Gex, Waller & Morse,* for appellant.

It is conceded by the appellants herein that, in matters where the board has any discretionary power, that mandamus would not lie, in the absence of any showing of fraud on the part of said board. But we contend that

since the statute states specifically the kind of security which shall be acceptable as security for a depository, that when the bidder offers the security set forth in the statute, that then there is no discretion left with the board as to the acceptance of the bid.

In order that the court may have all of the statutes applicable to this cause before it, we here refer to them, in order. Sections 4235, 4240, 4251 of Hemingway's Code. Did the appellant comply with the statute in making its bid?

Section 4199 of Hemingway's Code in reference to the state depository provides: "That the amount to be bid by any and all banks under the provision of this act for the privilege of keeping such funds on deposit shall be computed on the average daily balance of the public money kept therewith."

Section 4194 of Hemingway's Code provides that the money shall be placed on deposit with the bank proposing the best terms, having in view the safety of such funds. The bid of the Pearl River County Bank was to pay three and one-fourth per cent on the daily balances. This conforms to section 4199, above mentioned. It filed its bid in due time, and its security was not questioned.

Section 4240 of Hemingway's Code provides that any bank in a county may qualify as a county depository by placing on deposit with the treasurer "United States Bonds—or surety bonds of any surety company authorized to do business in the state of Mississippi." The bid of the appellant states that it offers a security for its bid, either, the bond of a security company authorized to do business in the state of Mississippi, or Liberty Bonds of the United States, pursuant to the laws of the state." Therefore it will be seen that the bid of the Pearl River County Bank complied literally with the statute, in every particular.

The fact that the discharge of a duty by a ministerial officer depends upon the construction of the statute defining that duty does not necessarily make that duty a judi-

cial one giving the officer judicial discretion, and if the officer failed to perform the duty as set out by the statute, then mandamus is the proper remedy.    See *Roberts* v. *United States,* 176 U. S. 219, 45 L. Ed. 445; also 26 Cyc, page 161, p. B.

The only remaining question is:    Was Mandamus the Proper Remedy?

It not only was the proper remedy, but it is the only remedy open to the appellants to compel the performance of the duty on the part of public officers.    See section 2533 of Hemingway's Code; see, also, case of *Adam* v. *City of Clarksdale,* 95 Miss. 97.

In conclusion we submit that the lower court erred in holding that it had no authority to compel the  mayor and board of aldermen of the town of Picayune to accept the best bid for the money of said town, accompanied by security declared by the legislature to be sufficient, and especially does that error appear more grave when it is considered that the bid accepted was a bid in which two members of the board of mayor and aldermen were directly interested, and further, in view of the fact that the bid accepted was a bid which provided for security unauthorized by law, was not in conformity with the advertisement for bids, and was wholly illegal in form and in fact because against the law and the public policy of the state.

*J. E. Stockstill* and *W. W. Stockstill,* for appellee.

Does the statute in question clothe the board of supervisors or board of mayor and aldermen with any discretion in the selection of a depository?    We submit that it does. Notice that under the provisions of chapter 253, Acts 1914, municipalities are required to select depositories in the manner provided for the selection of county depositories. Notice also that under section 2, chapter 194, Acts 1912, as amended by chapter 257, Acts 1914, the board is required to cause the funds to be deposited in the bank or banks proposing the best terms, having in view the safety

of such funds" and further that under section 3 of the same act the board shall have the right to reject any and all bids where, in the opinion of the board, the security offered is not sufficient. While there is room for the argument that the phrase, having in view the safety of the funds, refers to the security offered and means the same thing as the right to reject a bid because of the insufficiency of such security, yet it seems clear to us that there is also room for the argument that it has a broader meaning and authorizes the board to select and accept from a number of bids the one which, in the opinion of the board, offers the safest security, even though there may be higher bids which offer security not considered wholly insufficient.

If the board has the authority under the provisions of section 2, chapter 194, Acts 1912, of its own motion after the bids are all in, to select more than one depository and divide the funds among them, and this seems to be the holding in the Powell case cited above, then it necessarily follows that the board has some discretion in the matter other than the right to pass upon the sufficiency or the insufficiency of the security.

From a consideration of the statutes quoted above it occurs to us that said board could have rejected both bids submitted and readvertised for further bids, and neither bank could have complained. There can be no question about the right of the board to reject any bid where, in its opinion, the security offered is insufficient, and we submit that it could have rejected appellant's bid even if it had been the only one received and did not have to state any reason for its action. Furthermore, under the provisions of section 2, chapter 353, Acts 1914, no bank can be selected as a municipal depository until its security has been approved by the board of mayor and aldermen; and it nowhere appears from the record in this case that the security offered by the appellant bank was approved, or even considered sufficient in the minds of the individual members of the board. A rejection of a bid without openly questioning the sufficiency of the security is by no means

equivalent to an approval, or even an agreement or understanding among the members of the board that the security is not sufficient. The bond or security must be approved and in approving or disapproving bonds the board is clothed with a judicial discretion which the courts cannot control. In the case of *Shotwell* v. *Covington,* 69 Miss. 735, 12 So. 260, it was held that: "In approving or disapproving bonds of county officers, the president of the board of supervisors acts judicially, and however unjust or arbitrary his acts may be, they are not subject to revision by mandamus." See, also, the following cases: *Swan* v. *Gray,* 44 Miss. 393; *Mayor of Vicksburg* v. *Rainwater,* 47 Miss. 550; *State* v. *Henry,* 87 Miss. 153, 40 So. 152.

In fact this doctrine is so well established in Mississippi that it seems superfluous to cite authorities in support of same.

SYKES, J., delivered the opinion of the court.

The appellant bank by mandamus proceedings in the circuit court seeks to compel the appellee, town of Picayune, to accept the bid of the appellant and select it as the depository for the town. The petition alleges that the mayor and board of aldermen of the town of Picayune advertise for bids for a depository of the funds of the town in accordance with chapter 253, Laws of 1914, and that in response to this advertisement the appellant, petitioner, submitted its bid, which bid is set out in detail in the petition, but which is unnecessary to be herein copied; that the only other bid submitted was that of the Bank of Picayune, in which bank the mayor of the town is interested and is its largest stockholder and president, and that another member of the board of aldermen is vice president.

The petition sets out the bid of the Bank of Picayune. The petition then avers the willingness of the appellant bank to furnish proper bond as required by law. It then avers that the town through its mayor and board of aldermen, evincing a desire to favor the Bank of Picayune, en-

tered an order accepting the bid of this bank, making it the municipal depository; that the mayor and board of aldermen did not question the safety of its money deposited with the petitioner, or the fact that it could and would furnish a proper bond, nor that the appellant bank would be in every respect a safe and secure place for the deposit of these funds; but that, solely for the purpose of selecting the other bank without sufficient reason, the bid of the appellant bank was declined, and the bid accepted was unauthorized and illegal, and a less advantageous bid; that by virtue of chapter 257, Laws of 1914, and chapter 253, Laws of 1914, the mayor and board of aldermen are bound to accept the bid of the petitioner, which offered the best legal terms to the board; that the bid of the Bank of Picayune was an illegal bid, and one not authorized by law, and one which could not be accepted under the law. There was a demurrer interposed to this petition, which was sustained in the lower court, and the petition was dismissed. From which judgment this appeal is prosecuted.

While there are a number of questions presented by the demurrer, it is only necessary for us to consider but one, and that is whether or not in the selection of a municipal depository the mayor and board of aldermen are vested with any discretionary power. If they are, then the demurrer was properly sustained.

Chapter 253, Laws of 1914 (sections 4251—55, Hemingway's Code, provides for the establishment of municipal depositories. Section 1 of this act provides that the municipal authorities are required to select a depository in the same manner as in a county. It also provides for the making of a bond or giving of security by a depository, and the duties of the depository or depositories so selected.

Chapter 257, Laws of 1914 (section 4235 et seq. Hemingway's Code), prescribes the mode and manner to be followed by counties in the selection of county depositories. In section 1 of this chapter (section 4235, Hemingway's Code), it is provided what character of notice shall be given the banks in the advertisement for the county depository,

and that the board of supervisors shall receive such pro·posals as these banks may make for the privilege of keeping the county funds and the security proposed.  Then follows this provision:

"And the said board shall cause the county funds and all other funds in the hands of the county treasurer to be deposited in the bank or banks proposing the best terms, having in view the safety of said funds."

Section 3, chapter 194, Laws of 1912, which was not amended by chapter 257, Laws of 1914 (which is section 4240, Hemingway's Code), provides for the qualification of banks as depositories.  In this section it is provided that—"If at any time the securities which may be deposited, shall become worth less than par on the market, the board shall have the right to demand other and different security."

This section concludes as follows:  "The board of supervisors shall have the right to reject any and all bids where, in the opinion of the board, the security offered is not sufficient."

By chapter 253, Laws of 1914 (sections 4251 et seq. Hemingway's Code), there is vested in municipal boards the same power with reference to the selection of municipal depositories as is vested in the board of supervisors by the laws relating to the selection of county depositories.  Under these laws the same power to reject bids that is vested in the board of supervisors is vested in the municipal board.  It will be noted that in the selection of a depository, under chapter 257, Laws of 1914 (section 4235, Hemingway's Code), the board selects as the depository the bank or banks proposing the best terms, "having in view the safety of said funds."  Under this section the board is not simply required to accept the bid of the bank proposing the best terms, but must have in view the safety of the funds.  It is a matter of primary importance to the municipality or to the county to deposit its funds with a safe and secure bank, where these funds are subject at all times to the use of the municipality.  Under this section

if for any reason either a county or a municipal board should question the solvency of the bank offering the best terms as a depository, it would have the right to reject this bank because of this part of the section. That the legislature intended for these boards to carefully guard these funds is further shown by the concluding part of section 3, chapter 194, Laws of 1912 (section 4240, Hemingway's Code), which gives these boards the right to reject any and all bids when in their opinion the security offered is not sufficient. By these laws they are enjoined: First, to have in view the safety of the deposits; and, second, to reject bids when the securities are insufficient.

In the case of *Powell* v. *Tunica County*, 107 Miss. 410, 65 So. 499, Ann. Cas. 1916B, 1262, it was held that:

"The very purpose of the legislature, by the enactment of the law for the establishment of county depositories, was to provide for the safe-keeping of the county funds."

Under this scheme it is perfectly manifest that the board is vested, and wisely so, with a discretion in this matter, and that the first and primary question to be considered by the board, "having in view the safety of said funds," is the solvency of the banks bidding for this depository, and the second consideration is the best bid of a solvent bank. These are necessarily discretionary powers vested in these boards. Being discretionary powers, their acts are not subject to judicial review in this proceeding. *Swan* v. *Gray*, 44 Miss. 393; *Shotwell* v. *Covington*, 69 Miss. 735, 12 So. 260; *State* v. *Henry*, 87 Miss. 153, 40 So. 152, 5 L. R. A. (N. S.) 340.

*Affirmed.*