BANK OF McCOOL *v.* UNITED STATES FIDELITY & GUARANTY CO. *et al.*

[91 South. 566. No. 22559.]

DEPOSITARIES. *Supervisors have discretionary power ·in selecting county depository, and their judicial action cannot be questioned by a rejected bank except for fraud.*

Under section 1, chapter 257, Laws of 1914 (section 4235, Hemingway's Code), the board of supervisors has discretionary power in selecting a bank as county depository, and may reject the proposal of any bank, having in view the safety of the funds, and their judicial action cannot be questioned in a suit against them individually for damages by a rejected bank, except for fraud.

APPEAL from chancery court of Hinds county.

HON. V. A. GRIFFITH, Chancellor.

Suit by the Bank of McCool, Branch of Grenada Bank, against the United States Fidelity & Guaranty Company and others. A demurrer to the bill was sustained, and plaintiff appeals. Judgment affirmed.

*Green & Green,* for appellant.

In *Bank of Eupora* v. *State,* 69 So. 998, the question was sharply presented, how far location could raise a discrimination, and it was held there that the money could not be deposited out of the county if a bank in the county was willing to qualify, and now, we submit that by implication it was further held that between banks in the county, there could not be a discrimination made. All that was requisite to qualify a depository, having been determined by the legislature.

This brings us to the ruling made in the *Pearl River County Bank case,* 89 So. 9, wherewith, with deference, this in nowise conflicts. In that case the Pearl River County Bank filed an action to mandamus the municipal authorities, but the municipal authorities did not, prior to the filing of the mandamus, hold that the Pearl River County Bank was equally as solvent as the Bank of Picayune, and did not hold that the Pearl River County Bank was offering to pay a greater amount of interest than the Bank of Picayune, nor did it affirmatively appear from the order itself that the Bank of Picayune had given securities that were absolutely illegal, in that they were violative of the statute, but that case very properly held:

"Under this scheme it is perfectly manifest that the board is vested, and wisely so, with a discretion in this matter, and that the first and primary question to be considered by the board, having in view the safety of said funds, is the solvency of the banks bidding for this depository, and the second consideration is the best bid of a solvent bank. These are necessarily discretionary powers vested in these boards."

But, as shown, we have an express adjudication that the banks are equally solvent and an express adjudication that the amount of interest offered by appellant was in excess of that offered by the appellee, and in addition the reason why appellant was rejected and appellee was accepted is specifically set forth in the order itself, which is, "to the best interest of the county and more suitable to our people to have a depository in Kosciusko than in McCool.

The law in Mississippi is perfectly well settled that where the board of supervisors acts, it is essential that the act shall be in virtue of a power possessed and must appear on its minutes and not only must this be true, but the authority must affirmatively be shown, wherein considered. *Root* v. *McFerrin*, 37 Miss. 46; *Bolivar County* v. *Coleman*, 71 Miss. 835; *Craft* v. *DeSoto County*, 79 Miss. 618; *Hinton* v. *Perry County*, 84 Miss. 546; *Adams* v. *Bank*, 103 Miss. 753; *Wallace* v. *Tucker*, 104 Miss. 94; *Garner* v. *Webster County*, 79 Miss. 565.

So, in the instant case, we have no authority in the board of supervisors: (a) To accept personal bonds; (b) To discriminate in favor of the county seat and against another point; (c) To award to the bank at the county seat the privilege of being a depository by weighing the alleged convenience of the people in having the depository at the county seat rather than at another point within the county.

These are all matters for consideration by the legislature which has seen fit to create these questions: 1st. Absolute equality among all banks located within the county. 2nd. If no bank within the county will qualify, then in an adjoining county, and if not then other classes that are here immaterial. In short, the legislature with plenary power in the premises has legislatively determined that locality cannot be made the basis of discrimination, nor offset the amount of interest to be paid the persons who are deprived of their funds awaiting their application to governmental demands.

Therefore, with the utmost deference, we contend, that the Pearl River County Bank case does not adversely decide this case, because in this case the supervisors vested with the authority have made that decision which divested them of the power of discretion and placed them where they were exercising but a ministerial power in the premises. But, it will be replied that even if this case does not control, then there is no liability in *McNulty* v. *Vicksburg,* 88 So. 718, but we distinguish this case.

First. There has been the exercise of all discretionary powers by the supervisors, and all that remained to be done was the ministerial act of placing these funds, and in the performance of a ministerial act, their discretionary powers are no protection. *Paxton* v. *Baum,* 59 Miss. 536; Howe, 53 Miss. 69.

This suit is now brought predicated upon property rights and so based, we challenge the right of the supervisors to convert these funds as was here done, thereby to deprive the appellant of the profit it would have received had the law been complied with, and thereafter when called to account to challenge their responsibility upon the allegation that they were authorized thus to violate the express provisions of the act. They went on record squarely upon this point, declaring by their own judgment that the sole reason was a desire on their part to create a place disadvantageous against the banks located at other points than at the county seat. This was a straight violation of the law, an act where they have had no authority, and then after having violated the law by dilatory pleas to prevent the question being adjudicated precludes any defense other than full payment to those wrongs by the violation which affirmatively appears upon the face of their own minutes.

*Allen & Morgan* and *Flowers & Brown,* for appellee.

Boards of supervisors in selecting or declining to select a county depository exercise judicial and discretionary powers and their acts are not subject to review in a col-

lateral proceeding. *Powell* v. *Tunica County,* 107 Miss.
410, 65 So. 499, Ann. Cas. 1916B., 1262. Chapter 257 of
the Laws of 1914 (section 4235, Hemingway's Code), pre-
scribes the method to be pursued by the boards of super-
visors in making the selection of county depositories. Sec-
tion 1 of this chapter concludes: "And the said board shall
cause the county funds in the hands of the county treasurer
to be deposited in the bank or banks proposing the best
terms, having in view the safety of said funds."

Section 3 of chapter 194 of the Laws of 1912, which was
not amended by chapter 257 of the Laws of 1914, concludes
as follows: "The board of supervisors shall have the right
to reject any and all bids where, in the opinion of the
board, the security offered is not sufficient." *Pearl River
Bank* v. *Town of Picayune,* 89 So. 9; *Swan* v. *Gray,* 44 Miss.
393; *Shotwell* v. *Covington,* 69 Miss. 735, 12 So. 260; *State*
v. *Henry,* 87 Miss. 153, 40 So. 153, 5 L. R. A. (N. S.) 340.

Since the exercise of discretion in cases where it is
lodged by the legislature is not subject to judicial review,
and since, "under this scheme it is perfectly manifest that
the board is vested and wisely so, with a discretion in this
matter, it must follow that the appellant's contentions
must fail."

But counsel for appellant attempt to meet this by the
argument that the order of the board is an adjudication
that both of the banks were equally solvent, and that the
reason why appellant was rejected and appellee accepted
is for the reason set forth in the order to the effect that it
would be to the best interest of the county and more suit-
able to the people to have a depository in Kosciusko than
in McCool. That part of the order referred to as set out
in the original bill is as follows: ". . . When the said
board awarded the same to the Merchants & Farmers Bank
of Kosciusko, Mississippi, they offering the best terms con-
sidering that it would be to the best interest of the county
and more suitable to our people to have a depository in
Kosciusko than in McCool, both of said banks being equally
solvent."

Each of the banks submitting bids were domiciled in Attala county. Either of them could be commissioned by the board, if in its opinion the county funds would be safe therein. It was a matter of selection and the law enjoined upon the board, the primary duty of properly safeguarding the interest of the county. The adjudication, therefore, that the best bid was that of the Merchants & Farmers Bank of Kosciusko and that it was to the best interest of the county that the bid of appellant be rejected is final and conclusive so far as the appellant is concerned.

"Actions by the board not involving jurisdictional power are conclusively right in collateral litigation. It being of limited jurisdiction the minutes must show that the jurisdictional facts were found to exist. This being done, there is no need ever to set forth the evidence in the judgment and it is not controvertible except in direct appeal." *Hinton* v. *Board of Supervisors of Perry County,* 84 Miss. 546, 36 So. 565.

It was not necessary for the board to set out in its order or on its minutes the evidence upon which it based its finding. It had jurisdiction of the cause and was exercising a judicial and discretionary power. It found and so ordered and adjudged that both banks being equally solvent the best interest of the county required that the bid of the Kosciusko bank be accepted.

Counsel for appellant seeks to avoid the effect of *Pearl River County Bank* v. *Town of Picayune,* 89 So. 9, and *McNulty* v. *Vickery, et al.,* 88 So. 718, by an attempt to distinguish them by showing first that the board divested them of the power of discretion and placed them where they were exercising but a ministerial power, in that all that remained to be done after the selection was the ministerial act of placing the funds. Second—that the making of profit, directly or indirectly by the wrongful use of county funds or by loaning or depositing same in a manner not authorized by law is a felony.

As to the first proposition we deem it sufficient to say that we can see no connection whatever that the board

128 Miss.—53.

could have with the actual placing of the funds. The board had fulfilled its mission when it selected the depository and issued the commission. If an officer having custody of county funds should attempt after this selection to deposit such funds in any other than the designated depository, he might be compelled by proper proceedings to make his deposit in the proper depository. But the suit at bar is by a bank to which no commission has ever issued. The function of the board was to select the depository, and in the performance of this duty is acted in a judicial and discretionary capacity. *Martin* v. *Ingram,* 38 Kans. 641; *Farrelly* v. *Cole,* 60 Kan. 356.

The power of the board in the instant case cannot for the purposes of this lawsuit be divided up into discretional and ministerial powers. There is no room for such a division.

As to the second proposition mentioned by counsel for appellant namely the violation of section 11 of the act, we are content to say that even counsel for appellant will not contend that his proposition is sound.

HOLDEN, J., delivered the opinion of the court.

This is a suit by the appellant, Bank McCool, against individual members of the board of supervisors of Attala county and their sureties on their official bonds, to recover damages for a failure of the supervisors to select and commission the appellant as the county depository and deposit with it public funds amounting to seventy-five thousand dollars, claiming that it was entitled to be commissioned as the county depository, because its bid for the county funds was the best received and should have been accepted by the board under the State Depository Law. A demurrer filed to the bill was sustained by the lower court, hence this appeal.

The facts upon which this suit is predicated are substantially as follows: The board of supervisors advertised for proposals for keeping the county funds for one year,

under the County Depository Law. In response to the notice, the appellant, Bank of McCool, and the Merchants' & Farmers' Bank of Kosciusko, both banks being located in Attala county, filed their bids to become depositories for the county funds. The appellant, Bank of McCord, offered a higher rate of interest for the funds than that offered by the Merchants' & Farmers' Bank, and tendered a bond conditioned according to law together with certain securities, as required by the depository act. The Merchants' & Farmers' Bank tendered only a personal bond, signed by individuals and not by surety companies, as provided by the statute.

The bill alleges, that "thereupon, on February 8, 1917, an order was made in this matter reciting the several bonds"; the order of the board being:

"And, on Monday, the 5th day of February, 1917, sealed bids were opened by this board when it appeared that the Merchants' & Farmers' Bank of Kosciusko, Miss., bid for the same the sum of two and nine-sixteenths per cent. per annum, on daily balances, and whereas, the Bank of McCool bid on the same the sum of three and twenty-six hundredths per cent. per annum, for the daily balances, and tendered a bond condition according to law, in the sum of seventy-five thousand dollars, for the safe-keeping and custody of said funds; when said board awarded the same to the Merchants' & Farmers' Bank of Kosciusko, Miss., they offering the best terms, considering that it would be to the best interest of the county and more suitable to our people to have a depository in Kosciusko, than in McCool, Miss., both of said banks being equally solvent. When the same was accordingly awarded to the Merchants' & Farmers' Bank, all members of the board voting for the same except Hon. J. D. Boyd of District No. 2, Attala county, Miss., the member of the board from said district, voted for the Bank of McCool, and desired his vote to be recorded against the same, contending that the law should be followed as written, as understood by him. The Bank of McCool offering more money for the deposit, as shown in the

above bids, than the Merchants & Farmers' Bank, but was awarded to the said last-named bank for the reasons above stated, and all parties desire that this record go on the minutes."

The bill charges that this action of the board was in violation of appellant's rights, because the appellant had bid the highest rate of interest, tendered lawful security, and was a solvent bank; that the county had, in depositable funds, throughout the year, seventy-five thousand as a daily balance, and that, if the board had accepted appellant's bid, it would have received this money, loaned it out, and profited to the extent of three thousand, five hundred and fifty-five dollars; that appellant is entitled to punitive damages for the willful and wanton conduct of the members of the board in refusing to commission appellant a depository; that the board violated its duty and the law in selecting the Merchants' & Farmers' Bank as a depository, instead of appellant, and in turning the funds of the county over to the former. There are other allegations in the bill unnecessary to set out because, as we think, they have no merit.

The principal contention of the appellant is that the action of the board, as shown by its minutes, was illegal, for the reason that the board had no discretionary power in selecting the depository, but that it was mandatory upon the board to select the appellant as a depository, because its bid for the funds was the best; that it was solvent and had furnished the security required by law, and therefore it was the ministerial duty of the board to award the funds to appellant, under the provisions of the Depository Law.

The opposite view urged by the appellees is that boards of supervisors exercise discretionary powers in selecting or declining to select a county depository, and their acts are not subject to review in a collateral proceeding.

Chapter 257, Laws of 1914, section 4235, Hemingway's Code, prescribes the method to be pursued by the boards of supervisors in making the selection of county depositories. Section 1 of this chapter concludes:

"And the said board shall cause the county funds in the hands of the county treasurer to be deposited in the bank or banks proposing the best terms having in view the safety of said funds."

Section 3 of chapter 194, Laws of 1912, which was not amended by chapter 257, Laws of 1914, concludes as follows:

"The board of supervisors shall have the right to reject any and all bids where, in the opinion of the board the security offered is not sufficient."

After a careful consideration of the question involved, we have reached the conclusion the lower court was correct in sustaining the demurrer filed by the appellees. The reasoning, upon which this conclusion is based, is that the Depository Act vests in the board of supervisors the discretionary power of rejecting proposals made by banks to become depositories for the county funds. The act provides that the funds shall be "deposited in the bank or banks proposing the best terms having in view the safety of said funds." And, in the exercise of their discretion, the members of the board are not liable for any mistake made by them while acting in good faith and not through corrupt or fraudulent motives.

And, when, in their discretion, the supervisors have refused to select a bank to become a depository, the terms and safety being in view, their act cannot be inquired into or questioned in a collateral proceeding, which would be an interference with the exercise of their judgment in the matter. There is no charge of fraud or corruption against the supervisors in this case. They may have made a mistake of fact in failing to select the appellant as the county depository, but no inquiry as to what actuated them in doing so can be made except for fraud, because their determination is judicial and final.

It is true the allegations of the bill, which set out the order of the board on its minutes, designating the depository, show that the board selected the Merchants' & Farmers' Bank as a depository instead of the appellant bank, on

account of convenience in the location of the bank, nevertheless the recited facts upon which the board acted, even though true, are immaterial in this case, because it was not necessary to state the reason or facts upon which the board acted. Furthermore, the board may have also considered the question of safety of the funds. A weak bank might be the highest bidder.

The order of the board, set out in the bill, amounts to no more than a mere allegation of fact in the bill, and, while the demurrer admits the truth of the allegation, still the wrong charged was done in the exercise of a discretion, and no liability exists against the members of the board.

The contray would be true if the act of the board was ministerial instead of judicial; and, while plausible argument may be made that, when the appellant bank made the best bid and qualified otherwise according to law, that then the letting of the funds became ministerial, yet this cannot be sound, because the law authorizes the board in its discretion to select or reject any proposal of a bank, for reasons of safety, which the board may have in mind, as provided in the act.

In the case of *Pearl River Bank* v. *Town of Picayune,* 126 Miss. 473, 89 So. 9, decided by this court, July 11th, 1921, it was said, in the opinion by SYKES, P. J.:

"It will be noted that, in the selection of a depository, under chapter 257, Laws of 1914 (section 4235, Hemingway's Code), the board selects as the depository the bank or banks proposing the best terms, 'having in view the safety of said funds.' Under this section the board is not simply required to accept the bid of the bank proposing the best terms, but must have in view the safety of the funds. It is a matter of primary importance to the municipality or to the county to deposit its funds with a safe and secure bank, where these funds are subject at all times to the use of the municipality. Under this section, if for any reason either a county or a municipal board should question the solvency of the bank offering the best terms

as a depository, it would have the right to reject this bank because of this part of the section.  That the legislature intended for these boards to carefully guard these funds is further shown by the concluding part of section 3, chapter 194, Laws of 1912 (section 4240, Hemingway's Code), which gives these boards the right to reject any and all bids when, in their opinion, the security offered is not sufficient.  By these laws they are enjoined: First, to have in view the safety of the deposits; and, second, to reject bids when the securities are insufficient.  .  .  .  "Under this scheme it is perfectly manifest that the board is vested, and wisely so, with a discretion in this matter, and that the first and primary question to be considered by the board, 'having in view the safety of said funds,' is the solvency of the banks bidding for this depository, and the second consideration is the best bid of a solvent bank.  These are necessarily discretionary powers vested in these boards.  Being discretionary powers, their acts are not subject to judicial review in this proceeding.  *Swan* v. *Gray,* 44 Miss. 393; *Shotwell* v. *Covington,* 69 Miss. 735, 12 So. 260; *State* v. *Henry,* 87 Miss. 153, 40 So. 152, 5 L. R. A. (N. S.) 340."

We think the decision in the above case is controlling in the case now before us, and, in view of the conclusions reached by us above, the judgment of the lower court should be affirmed.

*Affirmed.*