COOPER v. TOWNSEND, SUPERINTENDENT OF EDUCATION, *et al.**

(Division A.   April 12, 1926.   Suggestion of Error Overruled May 17, 1926.)

[108 So. 273.   No. 25614.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Public authorities in determining responsibility of bidders in awarding contract for transportation of pupils are vested with large discretion (Laws 1924, chapter 283, section 102.)*

Duty of public authorities in determining responsibility of bidders in awarding contract for transportation of pupils, under Laws 1924, chapter 283, section 102, is judicial in its nature, and in the

discharge of this duty the public authorities are vested with a large measure of discretion.

2. MANDAMUS. *School authorities cannot be compelled by mandamus to accept lowest bid for transportation of pupils after having made different selection (Laws* 1924, *chapter* 283, *section* 102.)

Since Laws 1924, chapter 283, section 102, requiring contract for transportation of pupils to be left to lowest responsible bidder, authorizes school authorities to reject any or all bids, they cannot be compelled by mandamus to accept lowest bid after having made a different selection.

---

*Corpus Juris-Cyc. References: Mandamus, 38CJ, p. 731, n. 8. Schools and School Districts, 35Cyc, p. 955, n. 26, 27; p. 956, n. 37, 38; p. 970, n. 69, 70.

APPEAL from circuit court of Montgomery county. HON. T. L. LAMB, Judge.

Mandamus by J. O. Cooper against L. E. Townsend, superintendent of education of Montgomery county, and others. From a judgment sustaining a demurrer and dismissing the petition, petitioner appeals. Affirmed.

*W. M. Mitchell* and *J. W. Conger,* for appellant.

There can be no question but that *mandamus* was the proper remedy. The statute itself provides that any party aggrieved by the failure of any officer, trustee, etc., to perform any of the duties required of them under the law may resort to the writ of *mandamus,* although he may have other remedy. Paragraph (g), section 102, chapter 283, Laws of 1924. But independently of this express provision, this court has held that this is the proper remedy and one which the aggrieved party cannot be deprived of, in the recent case of *Clark* v. *Board of Trustees,* 117 Miss. 234, where Justice HOLDEN very succinctly and forcefully sets forth the rights of citizens wrongfully deprived of a substantial right to be heard in the open court and to be given full and complete relief. See, also, *Board of Trustees, Lafayette City School,* v. *State,* 93 N. E. 851, 175 Ind. 147; *Journal Printing Co.*

v. *Dreyer,* 167 S. W. 1123, 183 Mo. App. 463; *Peterson* v. *Lewis,* 154 Pac. 101, 78 Ore. 641.

Even where the authorities are given the discretion to pass upon the responsibility of the bidders, still, in the exercise of this discretion, they are required to observe the laws and to consider and protect the rights of those affected. They cannot arbitrarily and without any notice or opportunity to be heard reject the lowest bid without any reasonable ground for so doing. The following cases hold that in the exercise of the *bona-fide* discretion given them in selecting the lowest responsible bidder, the body authorized to pass upon the bids must, when the question of responsibility arises, give notice to such bidder, and afford him an opportunity to be heard before rejecting his bid. *Jacobson* v. *Board of Ed., City of Elizabeth,* 64 Atl. 609; *Board of Ed. of Newark* v. *Switzer,* 75 Atl. 447.

This court in *Bright* v. *Ball,* 103 So. 236, has fully and clearly defined what is meant by the lowest responsible bidder, as used in this very statute, and after reviewing the cases relied upon by appellees in this case, cited in "Words and Phrases," this court reached the conclusion that, "The statute here being construed, in our opinion, requires the letting of a contract to a person capable of making a binding contract so that he may be made to respond in damages for a breach of duty or for a failure to perform the contract. It also contemplates letting the contract to a responsible person in the sense that such person will be suitable and capable of looking after the children committed to his care to the end that they may be safely transported." We submit that appellant's petition conclusively shows that he met all of these requirements, that he was capable of making a binding contract and bond, that he was suitable and capable of looking after the children committed to his care and was fully equipped, physically and otherwise, to transport safely these children in accordance with the rules and regulations; and was, therefore, in the absence of any

showing to the contrary, entitled to be awarded the contract and to receive the amount of his bid thereunder; and that, being denied this right, he was entitled to the writ of mandamus prayed for.

The lower court erred in sustaining the demurrer of the appellees and dismissing appellant's petition.

*F. M. Glass,* for appellees.

The only serious reason offered by appellant for complaint as to the action of appellees is the fact that he was the lowest bidder, and that he is honest and able to furnish a solvent bond. The law imposes upon appellees the duty to let the contract, not to the "lowest bidder," but to the "lowest responsible bidder."

The term "lowest responsible bidder" carries with it more than a low bid, honesty and ability to furnish a solvent bond. It has been construed by practically all the courts, where it has been defined to mean that it carries all the qualifications necessary in the bidder to perform successfully the duty involved in the subject-matter of the work to be performed, such as character, reputation, faithfulness, ability, honesty, reliability and trustworthiness.

The governing body or tribunal has the exclusive right to determine whether the bidder possesses these qualifications, and its acts are not subject to review or to be set aside by the courts unless it be shown that the acts were prompted by oppression or fraud. *Williams* v. *Topeka,* 85 Kan. 857, 38 L. R. A. (N. S.) 672, and notes cited. See also "Words and Phrases," both first and second series, on subject of "lowest bidder" and "lowest responsible bidder."

The legislature very wisely made the selection of the contractors for transporting school children, a matter of discretion for the trustees, otherwise they would, in many instances be placed at the mercy of "honest" drivers who are able to furnish "solvent bonds," but whose

judgment, ability and capacity to care for the children safely would be seriously lacking.

*Mandamus* will lie to compel an inferior board or tribunal to act, but it cannot compel such board or tribunal to exercise such discretion in any given way. *Vicksburg* v. *Rainwater,* 47 Miss. 547; *Board of Ed.* v. *West Point,* 50 Miss. 638; *Pearl River County Bank* v. *Town of Picayune,* 126 Miss. 473, 89 So. 9; *United States* v. *Tanner,* 116 U. S. 423; *United States* v. *Guthrie,* 17 How. 284; *Marbury* v. *Madison,* 1 Cranch, 137; *Ex Parte Wagner,* 249 U. S. 465; *Re Park* v. *Tilford,* 245 U. S. 82.

Where petition for writ of *mandamus* is defective or fails to show sufficient grounds for the relief sought, defense thereto may be raised by demurrer to the petition. *State* v. *Pike County,* 133 Miss. 562, 98 So. 101.

I, therefore, submit that the appellees, as a body, were a board recognized by law, with wide discretionary powers. In the exercise of their rights they attempted to let the contract for the transportation of the children; but, as shown by the petition for *mandamus,* they failed to do so and all bids stood rejected, including those submitted by appellant and Swindle, the other bidder. They had a right to reject all bids, a right given by the statute which gave them authority to act in the first instance. No oppression or fraud is charged against them by appellant, without which the acts of appellees cannot be questioned by any court by way of mandamus, and the order of the court in sustaining the demurrer was correct.

Argued orally by *W. M. Mitchell,* for appellant, and *F. M. Glass,* for appellees.

COOK, J., delivered the opinion of the court.

The appellant filed a petition for *mandamus* against the superintendent of education of Montgomery county, and the trustees of the Alva consolidated school district,

to compel them to enter into a contract with him for the transportation of the pupils on one of the established routes of said school. The petition alleged that advertisement was made for bidders for said route in the manner required by law, and that, in response to said advertisement, several bids, including that of the petitioner, were submitted; that the bid of the petitioner was the lowest submitted; but that, after consideration of said bids, the board of trustees announced that the contract had been awarded to the person who submitted the highest bid. The petition further alleged that no contract was ever executed with the bidder to whom the contract was awarded; that the petitioner had demanded that the contract be let to him as the lowest bidder, and had offered to execute the bond required by law and had tendered good and solvent sureties; and that he was responsible and suitable person to safely and properly transport said pupils as required by law. A demurrer to this petition was sustained and the petition dismissed, and from this judgment this appeal was prosecuted.

The statute under which the appellees advertised for bids for the transportation of the pupils of the Alva consolidated school (section 102, chapter 283, Laws of 1924) provides that the trustees of a consolidated school, together with the county superintendent, are authorized and empowered to provide means of transportation of pupils living two miles or more by the nearest traveled road from the consolidated school, to and from the schoolhouse in the district, under such rules and regulations as may be prescribed; and it further provides, subsection (a), that, when the trustees and superintendent elect to have the children so transported, "the contract for such transportation shall be let to the lowest responsible bidder in such case, who is able to furnish a solvent bond for the faithful performance of his contract," and it is further provided that any and all bids may be rejected.

This statute requires that the contract shall be let to the "lowest responsible bidder," and expressly authorizes the board to reject any and all bids. The duty of determining the responsibility of the bidders and awarding the contract is judicial in its nature, and in the discharge of this duty the public authorities are necessarily vested with a large measure of discretion. In determining the responsibility of bidders, especially bidders for a contract to transport school children over the public highways, there are many elements to be considered besides pecuniary ability, and, since the statute which requires these contracts to be let to the lowest "responsible" bidder authorizes the school authorities to reject any bid or all bids, their official discretion in the matter cannot be controlled by *mandamus. Vicksburg* v. *Rainwater,* 47 Miss. 547; *Board of Education* v. *West Point,* 50 Miss. 638; *Swan* v. *Gray,* 44 Miss. 397; *State* v. *Henry,* 40 So. 152, 87 Miss. 125, 5 L. R. A. (N. S.) 340; *Pearl River County Bank* v. *Town of Picayune,* 89 So. 9, 126 Miss. 473; *State* v. *Pike County,* 98 So. 101, 133 Miss. 562.

The judgment of the court below will therefore be affirmed.

*Affirmed.*