|     |     |
| --- | --- |
| 69 | 375 |
| 69 | 383 |

STATE, EX REL. WARREN COUNTY, *v.* W. W. STONE, AUDITOR.

1. CONSTITUTION OF 1890. *When operative. Repugnancy to statutes.*

The test by which to determine whether a provision of the constitution is suspended, because of repugnancy to a statute, is to determine whether they both can stand. Doubt as to this should be solved in favor of the immediate operation of the constitutional provision.

2. CONSTITUTIONAL LAW. *School-fund. Fines and forfeitures.*

Section 261 of the constitution of 1890, which devotes net fines and forfeitures to the treasuries of the several counties, instead of to the state treasury for a common school fund, as under the former constitution, was not suspended by §274 because of repugnancy to statutes then in force, but went into effect November 1, 1890.

3. SAME. *Fines and forfeitures; how applied. Constitution 1890.*

Accordingly, fines collected after November 1, 1890, were not payable into the state treasury, but into the treasuries of the counties in which prosecutions were begun.

4. SAME. *Common school fund. Distribution. Mandamus.*

Where fines so collected after November 1, 1890, have been erroneously credited by the county treasurer to the state against the county's share of the school-fund, the board of supervisors may, by mandamus, compel the auditor to pay the county its distributive share of the common school fund, without deduction because of such fines and forfeitures erroneously credited.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

This is an action of mandamus against the auditor of the state, brought upon the relation of the board of supervisors of Warren county, to compel the auditor to pay to the treasurer of said county its distributive share of the common school fund of the state. The declaration alleges that the sum which, by law, should have been paid in July, 1891, as the distributive share of Warren county, was $2,185.61; that the auditor refuses to pay said sum, but charges against it a like amount claimed to be due by the treasurer of said county to the common school fund of the state, because of fines and forfeitures collected and reported in said county between the first day of November, 1890, and the first day of July, 1891. The declaration alleges that the treasurer of Warren county erroneously accounted for the sum so received from fines and forfeitures to the auditor, whereas it was his duty to pay the net amount of all fines and forfeitures collected after November 1, 1890, into the county treasury. A demurrer was interposed in behalf of the auditor, and the sole question presented is, whether fines and forfeitures collected after November 1, 1890, were, by virtue of the constitution of 1890, payable into the county treasury, or payable into the common school fund of the state, as under the constitution of 1869, and the several statutes regulating the collection and disposition of said fines. The sections of the constitution and the statutes touching this controverted question are sufficiently set out in the opinion.

The circuit court sustained a demurrer to the petition, and dismissed the cause, whereupon this appeal is prosecuted in behalf of the county.

*J. M. Gibson,* for appellant.
Section 274 of the constitution of 1890 relates to and includes only statutes that are repugnant to the constitution,

and does not embrace constitutional provisions before that in force. The statutes relied on as being repugnant to § 261 of the constitution merely provide a method of enforcing the repealed provision of the constitution of 1869. No statute appropriated fines and forfeitures to the school-fund of the state. The auditor must rest his claim, if he has any, upon the provisions of the constitution of 1869. It is an evasion to say that these sections of the code, prescribing methods of carrying out the constitution of 1869, can keep in force a repealed constitutional provision. If § 261 of the constitution of 1890 did not take effect on the first day of November, 1890, when will it take effect, and what will make it take effect?

*T. M. Miller*, attorney-general, for the appellee.

Section 274 of the constitution of 1890 expressly continues in force all statutes repugnant to its provisions. The several statutes devoting fines and forfeitures to the common school fund of the state are thus continued. There can be no distinction between such statutes as rest on the express provisions of the former constitution and other statutes. All statutes depend on the constitution for their authority. The schedule in § 274 makes no exception, and the reason is obvious, as it was not meant to derange the school-system of the state and counties by any sudden stroke. It was never intended to put a part of the constitution, providing for the financial department of the public school system, into operation at once, and postpone the remainder until the legislature should make suitable provision. The sections of the code of 1880 which conflict with § 261 of the constitution are §§ 724, 2168, 2172, 2173 and 2230.

The act of 1882 (Laws, p. 77), amendatory of § 724 of the code, provides that the state treasurer shall transfer from the general fund to the common school fund a sufficient amount to make the common school fund $300,000, and this sum shall be distributed, upon the warrants of the auditor, among the

several counties *pro rata*, according to the number of educable children. The right of the auditor to set off the amount of funds reported by the county treasurer is distinctly provided for in the sections before cited. These sections are plainly repugnant to § 261 of the constitution, and are suspended in their operation.

CAMPBELL, C. J., delivered the opinion of the court.

The question to be decided is, were fines imposed and collected in Warren county after November 1, 1890, part of the common school fund of the state, and, as such, to be charged to the county by the auditor in the distribution of the school-fund; or did they belong to the county in such manner as to not be taken account of in the distribution of said fund? The answer to this question makes necessary a determination as to when § 261 of the constitution of 1890 became operative, for it is indisputable that it devotes "fines and forfeitures" to the treasury of the county. Formerly they constituted part of the fund "to be distributed *pro rata* among the educable children of the state," but by § 261 of the constitution they belong to the county. The constitution became operative by its declaration "from and after this, the first day of November, A.D. 1890." Therefore, unless it contains some provision which suspended the immediate taking effect of § 261, it, as part of the instrument, was in force immediately. Certainly, it as a whole, went into operation on November 1, 1890, in accordance with its declaration, and became the only constitution of the state of Mississippi. But, to avoid the evil of abrogating laws upon the statute-books of the state, at a time when the legislature could not cure the evil, it was provided by § 274 of the constitution, that: "All statute laws of this state repugnant to the provisions of this constitution . . . shall continue and remain in force until the first day of April, A.D. 1892, unless sooner repealed by the legislature." The effect of this was to suspend, for the time named, the operation of such provisions of the con-

stitution as would, because of repugnancy, but for this saving clause, abrogate statutes. The manifest purpose was to put the constitution into operation at once, except wherein to do so would annul statutes, and produce the evil of having no law on the subject affected, when the want of it could not be supplied until a meeting of the legislature. This provision is in the nature of an exception, and to be so interpreted.

The constitution must have full and immediate effect, according to its terms, as far as may be, and is to be suspended only so far as it provides. The taking effect of the will of the sovereign as expressed, is not to be postponed, except as it has declared, and doubt, if any, should not be solved by enlarging the exception or saving made, but rather in favor of the immediate operation of the rule, established by the sovereign body as part of the fundamental law, abrogating and superseding the former rule on the subject. In other words, the provision of the constitution should have effect, according to its terms, at as early a date as possible, because it must be accepted as the wise rule on the subject, as it is certainly authoritative, and there should be no delaying of its effect beyond the time fixed, except to effect the clearly expressed will of the constitutional convention. That will, as manifested by the constitution, was, that it should be suspended for a time, as to such of its provisions as could not have immediate effect without annulling statutes. The test by which to determine whether a given provision of the constitution is suspended or not, is to decide whether or not the two can both stand. If there is such repugnancy between a constitutional provision and a statute on the same subject, that the statute would give way to the constitution but for § 274, it is by that section continued in force to the first of April, 1892, and, of course, the constitution is that far suspended accordingly.

If, however, there is no such repugnancy—if the constitutional provision may have immediate effect, without abrogating a statute, and without producing the evil intended to be

guarded against by § 274—it should be held to have become effective with the constitution, November 1, 1890, so as to put in force the rule declared by the sovereign power to be the better one.

An application of the test prescribed does not disclose any such repugnancy between the statutes and the constitution as to require a suspension of the operation of § 261 of the constitution. The statutes cited by counsel as repugnant to § 261, are §§ 2168, 2172, 2173 and 2230, code of 1880. There is nothing in them, or any of them, repugnant to the constitution, except that there is an apparent conflict between a single clause of § 2230 of the code and the constitution, but that is not a real conflict, as will be shown presently. Section 2168 requires the clerk of the board of supervisors to charge the sheriff with the amount of "jury-taxes and amercements, fines, penalties and forfeitures," and requires him to pay them into the county treasury, except, etc. Section 2172 imposes a penalty on any officer whose duty it is to report to the clerk money payable into the county treasury for his failure of duty. Section 2173 requires the clerk to place to the credit of the state all money received by the county treasurer belonging to the common school fund, and annually to report the amount of this credit to the auditor, who, thus advised, in making distribution of the money *pro rata* among the educable children, is to treat so much of this fund as he is advised is in the county treasury, as a credit on what is to go to the county, unless it exceeds its share, in which case, the excess is to be paid over by the county treasurer. Surely, it cannot be affirmed of these sections that they are, in any respect, repugnant to § 261 of the constitution. They consist with it in perfect harmony, and are continued by the first clause of § 274 of the constitution. As to these, it cannot admit of a doubt that they are of the class alluded to in the first clause of § 274, and not its last, for there is nothing in any of them not entirely applicable to the several provisions of the constitution, and proper to be continued hereafter in

force.   Section 2230 makes it the duty of every justice of the peace to report to the clerk of the board of supervisors all fines and penalties assessed by him, and to pay what he has received of them to the county treasurer, "to be placed to the credit of the common school fund of the state." The clause quoted is a pleonasm—a redundant and needless expression—one which may be left out without altering the sense and effect of the section.   The constitution in force, when it was enacted, devoted "all fines collected in the several counties for any breach of the penal laws," to the school-fund of the state.   The clause mentioned in the section did not enact any rule on this subject.   That was not its purpose. It merely indicates, with useless fullness of expression, that the money paid was, when paid, to be put to the credit of the common school fund—a correct demonstration, but not a substantive enactment.   That was fixed by the constitution, and needed no statute.   All of the sections of the code cited were designed to carry out the provisions of the constitution then in force, as far as applicable.   The provision of that constitution as to fines being devoted to the common school fund was abrogated by the new constitution, and in so far as statutes existed for carrying into effect the repealed constitutional provision, they are no longer required, and to that extent may properly be considered as no longer preserved. This is applicable to that clause of § 2230 indicating the course of the money arising from fines, and to any other similar provision.   It had no purpose or effect except to declare the constitutional devotion of the money from this source. That constitutional provision has ceased to be, and the mere declaration in § 2230 of an existing rule created by the fundamental law then in force, is, by virtue of the change of the fundamental law, no longer true; but that does not constitute repugnancy in the statute to the constitution of 1890, within the contemplation of § 274 of that instrument.   To hold that there is no such repugnancy in this section to the constitution as to suspend § 261 of that instrument, is not to cause such

evil as the convention intended to avoid by the last clause of
§ 274.  Indeed, no evil results from this view, while the con-
trary view would suspend § 261 only as to fines and penalties
paid over by justices of the peace, and all fines and forfeit-
ures arising from proceedings in circuit courts would, by
§ 261, go into the county treasury as county money.  A pur-
pose to produce such result is not to be ascribed to the con-
vention which framed the constitution.  There is no ground
for even plausible argument that the sections of the code,
other than § 2230, are in any respect repugnant to the con-
stitution, and there should not be a sticking in the bark by
adherence to the letter of the pleonasm in § 2230, in order to
make it repugnant to the constitution.  The effort should
rather be to harmonize the seemingly antagonistic declaration
with the constitution, so that it may have unobstructed opera-
tion in full as well as in part, so that fines and penalties as-
sessed and collected and paid over by justices of the peace,
may go, with those derived through other courts, from and
after November 1, 1890, into the county treasury for county
purposes.  It is certain that by § 261 of the constitution, fines
and forfeitures are to belong to the county in which they ac-
crue.  It is clear that the will of the convention was that the
constitution should be in force at once, and that provision for
temporary suspension of any of its provisions by repugnant
statutes was made, out of abundant caution, to guard against
the evil of having no statute on a subject.  It is manifest that
there is no repugnancy between § 261 of the constitution and
any statute, unless it be the letter of a useless declaration in
§ 2230 as to fines collected and paid by justices of the peace.
It is inconceivable that any purpose was had to make any
distinction between fines and forfeitures with reference to the
courts imposing them, and the seeming repugnancy of § 2230
may be disposed of without violence to the section, and in
harmony with the manifest purpose of the constitutional con-
vention to change the destination of fines and forfeitures.

*Judgment reversed, demurrer overruled, and cause remanded
for further proceedings in the circuit court.*