MILLER, STATE TAX COLLECTOR, v. WHITE, AUDITOR PUBLIC ACCOUNTS.

(Division B. March 17, 1930.)

[126 So. 833. No. 28698.]

J. H. Sumrall, of Jackson, for appellant.

116

**J. A. Lauderdale,** Assistant Attorney-General, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed his petition against appellee in the circuit court of Hinds county, praying for a writ of mandamus, requiring appellee to honor appellant's requisitions for the commissions and expenses of his office as state tax collector, and to issue warrants therefor on the state treasurer.

Appellee demurred to the petition, setting up several grounds, which, taken together, mean that appellee claims

that there is no law authorizing appellee to honor appellant's requisitions for the commissions and expenses of his office, and to issue to appellee warrants on the state treasurer therefor.

Appellant's petition for mandamus is rather vague and indefinite. As we construe it, we get from it the following grounds, upon which the writ was sought. Under the law, neither appellant nor his office force or deputies, are paid salaries out of the state treasury. They are all compensated for their services out of the twenty per cent commissions on collections of public revenues made through the office. All such collections, including the twenty per cent commissions, are by appellant paid into the state treasury; therefore, in order for appellant and his deputies to be compensated for their services out of the twenty per cent commissions on such collections, it is necessary that appellant in some manner be permitted to withdraw from the state treasury a sufficiency of such funds for that purpose. From time to time appellant has made requisition on appellee for warrants on the state treasurer, out of the twenty per cent commission fund, for that purpose, which requisitions appellee has refused to honor.

After appellee's refusal to honor such requisitions, appellant claimed the right to withdraw, and demanded of appellee that he issue his warrant on the state treasurer for the entire twenty per cent commission fund, paid by appellee into the state treasury, to enable appellee himself to take out of such fund a sufficiency to pay the expenses of his office, and to compensate himself and his deputies for their services in making the collection of public funds, out of which the twenty per cent was set aside as a special deposit in the state treasury.

Prior to the adoption of chapter 330 of the Laws of 1924, the state revenue agent received twenty per cent of all public funds collected by his office, out of which he paid his deputies and office force, retaining the balance for his services. That act provides that out of the twenty

per cent commissions allowed by law, the revenue agent shall pay all the expenses incident to the discharge of the duties of his office, and all attorney's fees, and retain the sum of five thousand dollars per annum for his salary; the compensation of his deputies to be paid out of the amount collected, as a result of their services, not to exceed five thousand dollars per annum; the balance of such commissions to be paid by him into the state treasury; and a detailed, itemized report of such collections and disbursements made to each session of the Legislature.

Chapter 286 of the Laws of 1926, abolished the office of state revenue agent, creating in its place the office of state tax collector, prescribing the duties and powers of the latter office, and providing for the transfer of all records and papers from the former to the latter office. With certain exceptions unnecessary to mention, the state tax collector was given the same authority as was formerly possessed by the state revenue agent.

The complete scheme of substituting the office of state tax collector for that of state revenue agent was accomplished by chapter 71 of the Laws of the Extraordinary Session of 1928, which in certain respects amends chapter 330 of the Laws of 1924, and chapter 286 of the Laws of 1926. At the extraordinary session of the Legislature of 1928, chapter 30 of the acts of that session was adopted, as follows:

"Be it enacted by the Legislature of the State of Mississippi, That all taxes, fees and penalties that may be hereafter collected for or in the name of the state of Mississippi shall be paid direct to the treasurer of the state, as now provided by law, by the officer charged with the duty of collecting or collecting the same, with an itemized statement to be filed with the state auditor, showing from whom collected and to what account to be credited, and all fees and commissions that may be due to any officer for collecting same shall be paid to such officer by the state treasurer on a warrant issued therefor

by the state auditor, and the said warrant shall recite the section of law authorizing the payment thereof. Provided this act shall not apply to collection of taxes by sheriffs and tax collectors of the several counties collecting taxes for the state.

"Sec. 2. That any officer charged with the duty of collecting such taxes, fees and penalties and collecting the same, who willfully fails to comply with the provisions of this act shall be guilty of a misdemeanor and upon conviction thereof shall forfeit all fees and commissions that may be due him for collecting the same and in addition shall be fined not more than one thousand dollars or imprisoned for six months or by both such fine and imprisonment."

At the same session of the Legislature, chapter 84 was adopted. It will be observed that by the first section of the latter act, on the first and fifteenth of each month, all state officials are required to make a detailed report of public funds collected and received in their respective offices, and on hand at such time, to the state auditor, and to pay such funds into the state treasury. Section 2 of the act provides that all funds, and accrued interest thereon, so paid into the state treasury, shall be handled by the state treasurer as a special deposit, and that any part thereof belonging to the counties of the state, or to any other political subdivisions of the state, shall be paid and distributed to such counties or other political subdivisions by the state treasurer on warrants of the auditor. Section 4 of the act provides that the auditor shall make distribution of such funds to the counties and other political subdivisions of the state, by means of warrants on the state treasurer, issued by him in behalf of the counties and other political subdivisions of the state entitled thereto. Section 7 of the act excepts from the operation of the act, all taxes collected by the Attorney-General and the state tax collector belonging to the counties and other political subdivisions of the state, including levee districts. It provides that such funds shall not

be deposited in the state treasury, but that the Attorney-General and the state tax collector shall forthwith transmit such funds to the counties, and other political divisions of the state, entitled thereto. Section 6 of the act provides that the act shall not be treated as amendatory of any existing laws, but supplementary thereto.

As we understand appellant's petition, he has paid into the treasury in full, including his twenty per cent commissions, all public funds collected through his office belonging to the state; and, in addition, he has paid into the state treasury twenty per cent of all public funds collected through his office which belonged to the counties, municipalities, and other political subdivisions of the state, the deposit so made by him constituting a special deposit in the state treasury.

Appellant now seeks, by this mandamus proceeding, to require appellee to honor his requisitions for warrants on the state treasurer against this special deposit, with which to pay the expenses of his office, his own salary, and that of his deputies; and if denied that relief, appellant seeks to have appellee honor his requisition and issue a warrant on the treasurer for the entire amount of such special deposit, in order that appellant may be enabled out of such special deposit to pay the salaries and expenses of his office, the excess of the twenty per cent special deposit to be turned back into the treasury after this is done.

Appellant contends that under the law appellee has no discretion as to whether or not he shall honor such requisitions.

On the other hand, appellee contends that under the law it is the duty of appellee, as state auditor, to audit, pass upon, and allow all such requisitions. In other words, that the law requires appellee, as state auditor, to exercise his judgment and discretion in passing on such requisitions.

Chapters 30 and 84 of the Laws of the Extraordinary Session of 1928, are to be construed together; they treat

of the same subject-matter in part. The requirement that the state officials shall deposit all public funds in the state treasury on the first and fifteenth of each month had for its purpose the safety of such funds. The Legislature sought to remove the opportunity and the temptation on the part of state officials to misappropriate such funds, or to make a profit therefrom. The statute applies to the state tax collector, as well as to other state officials, except as provided in section 7 of chapter 84, the Attorney-General and the state tax collector are not required to pay into the state treasury public funds belonging to the various political subdivisions of the state. The object of this exception was to enable the Attorney-General and the state tax collector to take out of such funds their commissions allowed them by law, before transmitting the funds to the counties, municipalities, and other taxing subdivisions of the state to which they belong.

The Legislature probably had a further purpose in view, in requiring state officials to turn public funds into the state treasury, which was to provide checks in the offices of the state auditor and treasurer against the records in the offices of the state officials collecting such funds.

Prior to the adoption of chapters 30 and 84 of the Laws of the Extraordinary Session of 1928, the state tax collector was authorized by law to take out of all public funds collected by his office, whether for the state or for any of its political subdivisions, a commission of twenty per cent; and out of this he was to pay the expenses of his office, his own salary and the salaries of his deputies; and the balance remaining he was required to turn into the treasury of the state, or to the counties or other political subdivisions of the state entitled thereto. The state tax collector was vested with full authority, to be exercised in good faith, to pass on, and allow out of, the twenty per cent commissions his own salary, the salaries of his deputies, and the expenses of his office.

We are of opinion that chapters 30 and 84, Laws Extraordinary Session of 1928, were intended to make no

change in that respect. It was not intended to authorize the state auditor to act in a quasi-judicial capacity in passing on appellant's requisitions against this twenty per cent commission fund to pay the expenses and salaries of his office. The withdrawal and disposition of this fund remained the responsibility of the state tax collector, as it had been therefore. It is therefore mandatory on the state auditor to honor his requisitions against such fund to the full amount thereof, if necessary, the state auditor has no discretion in the matter. Such requisitions by the state tax collector relieve the auditors of all responsibility, being his vouchers for the issuance of warrants on the state treasurer for the amounts therein called for.

It follows from these views that whatever fund there may be to this account in the state treasury, derived from commissions on collections of public funds by appellant, belonging to the state, appellee is required to honor the requisitions of appellant upon it for the fees and salaries of his office, without passing on the merits of such requisitions; and if any part of the twenty per cent special fund deposited in the state treasury was derived from collections on behalf of counties or other political subdivisions of the state, appellee is required to honor the requisition of appellant for the entire amount in a lump sum.

We do not mean by this that under the law appellant is entitled to twenty per cent of the collections for the counties and other political subdivisions of the state, in addition to the maximum amount of salary fixed by law for himself and his deputies. He is only allowed twenty per cent of *all public funds* collected, regardless of whether they belong to the state, or any of its political subdivisions, out of which to pay the expenses of his office, and his own maximum salary and those of his deputies, as fixed by law.

It follows from these views that the judgment of the court below should be reversed and the cause remanded;

and if the trial court should deem it necessary to allow appellant to amend his petition, in order more fully to present the facts upon which he relies, that should be done. Reversed and remanded.