WHITE, STATE AUDITOR, *v*. MILLER, STATE TAX COLLECTOR.

(Division B.   March 9, 1931.)

[132 So. 745.   No. 29385.]

See also 132 So. 79.

**J. A. Lauderdale,** Assistant Attorney-General, for appellant.

J. H. Sumrall, of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On January 3, 1931, appellee, state tax collector, presented to the appellant, state auditor, a requisition in the following words and figures:

"Office of the State Collector
"State of Mississippi
"Jackson

"The State of Mississippi

"To ———— W. J. Miller ———— Dr. $416.65 ———— Four Hundred Sixteen and 65/100 ———— Dollars on account of ———— State Tax Collector's Fees ———— for services performed, commissions earned, collected and now deposited in State Treasury to credit of State Tax Collector. Authorized by sections 6999, 7180, 7182, Code of 1930, and 126 So. 833.

"Receipt of Auditor's warrant for the above amount in full payment of the above claim is hereby acknowledged.

"This the 3rd day of January, 1931.

"W. J. Miller.

"Approved

"S. M. Thomas

"Bookkeeper

"W. J. Miller

"State Tax Collector"

The auditor refused to honor the requisition, whereupon appellee prosecuted a petition for a writ of mandamus, which being sustained by the court, the auditor appeals.

It seems to us that nothing new is raised in this case on the merits, as against the full discussion by the court in Miller v. White, 157 Miss. 114, 126 So. 833. It was said therein, page 123 of 157 Miss. 126 So. 833, 835: "It was not intended to authorize the state auditor to act in a quasi judicial capacity in passing on appellant's [the state tax collector's] requisitions against this twenty per cent. commission fund to pay the expenses and salaries of his office. The withdrawal and disposition of this fund remained the responsibility of the state tax collector, as it had been theretofore. It is therefore mandatory on the state auditor to honor his requisitions against such fund to the full amount thereof, if necessary, the state auditor has no discretion in the matter. Such requisitions by the state tax collector relieve the auditor of all responsibility, being his vouchers for the issuance of warrants on the state treasurer for the amounts therein called for."

We do not know how to make the language above quoted any clearer than as there stated, except perhaps to add that the auditor is not required to have as a part of the requisitions from the state tax collector any de-

tailed statement or annexed exhibit as to the particulars of the manner in which the proceeds of the requisition upon the twenty per cent. fund are to be expended, if only the requisition shall show in an intelligible manner that the expenditure is within sections 6511 and 6999, Code 1930. The requisition is not required to be in any particular technical form; it will be enough that without technical language, the purposes of its use within the said statutes are disclosed. We think the requisition in this case is sufficient, and is not substantially subject to the technical criticism made against it. Nor is the auditor required or allowed to pass on the necessity of the requisition. If the state tax collector, in his requisitions on the twenty per cent. fund, exceeds the necessities of the payment of the salaries of his office, the compensation to his deputies, attorneys' fees, and the various other authorized expenses of his office, that will be the responsibility of the state tax collector under his bond, and otherwise under the penalties of the law.

The only new point in this case is the contention that the state tax collector is not authorized to prosecute a petition for mandamus. The rule seems to be well settled that "public officers or boards may bring mandamus to compel the performance of official duties . . . which is necessary to enable them to perform their own duties." 38 C. J., p. 836; 13 Encyc. Pl. & Pr., p. 627.

Affirmed.