TROTTER *v.* FRANK P. GATES & COMPANY *et al.*

(Division B. Feb. 29, 1932.)

[139 So. 843. No. 29810.]

J. A. Lauderdale, Assistant Attorney-General, for appellant.

Holmes & Potter and **J. H. Brumby**, all of Jackson, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from the circuit court awarding a writ of mandamus to compel the appellant, W. C. Trotter, to sign a certificate for a warrant to pay certain claims allowed by the state building commission, created by chapter 291, Laws of 1928. The original petition was filed against W. C. Trotter, as secretary, and Theodore G. Bilbo, as chairman, of the building commission; but the declaration or petition was amended so as to eliminate Governor Bilbo as chairman of the building commission.

The state building commission created by chapter 291, Laws of 1928, consisted of seven members. A meeting was held in the executive offices at the New Capital on April 9, 1931, at which were present four members of the commission. The minutes of the meeting opened by stating that the building commission met in the Governor's office on April 9, 1931, with the following members present (naming the four members then present). Various transactions were had by the board shown by the minutes, and during the course of the meeting a motion was made by one of the members present and seconded by another that the building commission should allow twelve thousand fourteen dollars and sixty-eight cents to the First National Bank and Frank P. Gates & Co., for services rendered at the University of Mississippi, to be paid immediately. One of the members present objected to the allowance, stating that he would not participate in the matter. Whereupon, he left the

room. The motion was then put by the chairman and three members voted "aye."

It is shown by the evidence for the petitioner that when the motion was put immediately one of the members started to leave the chamber, and the motion was made and voted for while he was within hearing distance and could have participated in the voting if he so desired. That said member was within a few feet and just outside the door in the hallway when the vote was put.

According to some testimony for the appellant, when this member left the room, the discussion arose as to whether or not there was a quorum present, and the question was not put for several minutes during this discussion, and the objecting member had retired and left the Capitol Building or, at least, the executive chambers.

It appears from all the testimony that the secretary of the commission who was also present raised at this point the question as to whether there was a quorum present, or any power to act under the circumstances, and, believing that there was no quorum, and that he had no authority under the circumstances to issue the certificate, and that the allowance was illegal, he refused to do so, and hence this suit for mandamus.

It would seem that the reason that the member who retired did so was that there seems to have been some prior agreement that the matter of the allowance to Gates & Co. would not be taken up in the absence of a full attendance of the building commission. At the time the meeting was held, one member stated that in his opinion there would never be a full attendance due to the fact that, in his opinion, certain members would not attend, and certain others were engaged in political campaigns and would be for some months. Whereupon, he insisted that the business of the commission be then transacted.

The court instructed the jury that it was immaterial whether or not such understanding was had, and that it should not be considered by the jury in arriving at their verdict. The court also gave the plaintiff the following instruction: "The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that the member, John Faulkner, was present at the time the motion for the allowance of the claim in question was made and seconded, that he participated in the argument as to whether or not this matter should then be considered by the commission at that meeting, that for the mere purpose of breaking a quorum and preventing such matter from being acted upon, he left the room in which the meeting was then being held, but that at the time the question was put he was in the reception hall of the Governor's office leading into the room where the meeting was being held, the door between the two being open, that he was within hearing distance at the time the question was put and had a full and free opportunity to act upon such question and participate in the voting, then it is your sworn duty to return a verdict for the plaintiff."

The court refused to give peremptory instructions for the plaintiff and also for the defendant. The court also refused the following instruction for the defendant: "The court instructs the jury for the defendant that unless it is shown by a preponderance of the testimony in this case that the Chairman of the Building Commission, after the vote was taken on the claim in controversy, declared that the motion in favor of allowing the claim had carried, then the jury will find its verdict for the defendant."

Chapter 291, Laws of 1928, section 5, provides that: "All monies herein appropriated from any funds in the state treasury, not otherwise appropriated, or from donations, shall be drawn from the state treasury on auditor's warrants and issued on certificate of the chair-

man and secretary of the building commission hereinbe-
fore provided for, as having been allowed by said build-
ing commission at a meeting of said commission, with
said allowance incorporated in the minutes of the said
meeting.''

It is first argued that it was not proper to award the
writ of mandamus because it was inefficacious to compel
the Governor, as chairman of the building commission,
to sign this certificate. It was alleged in the original
petition which was afterwards amended so as to elimi-
nate the Governor therefrom, that the Governor and the
secretary had refused to issue the certificate.

It appears from the minutes that the Governor then
in office had voted for the allowance, and that the min-
utes had been signed at a subsequent meeting at which
the other members were present constituting a quorum.

In our opinion, the petitioner was entitled to have the
writ issued as against the secretary to compel his action,
on the proof in the record.

It is not before us in any proper way as to whether
the Governor would sign or not, but, in our view, that is
immaterial, as we must presume that the Governor would
do what the law made his duty in the premises without
compulsion.

It may be conceded for the purposes of this opinion
that the Governor could not be compelled, as chairman,
to do anything in regard to the matter.

It is next contended that the building commission did
not allege there was money in the treasury to pay the
warrant, and that, under section 3728, Code of 1930, it is
provided that the auditor shall not draw warrants in ex-
cess of appropriations of money for the purpose, except
in those cases specifically provided for by law.

It is admitted in the brief that by chapter 128, Laws
of 1930, money had been appropriated for the purpose
of carrying out the provisions of chapter 291, Laws of
1928, creating the building commission, but it is con-

tended there is nothing in the record to show that said appropriation had not been exhausted.

This question, we think, does not arise here, for the reason that the plaintiffs were entitled to a certificate showing their right to a warrant, and if the condition of the treasury was such that the warrant could not be paid, then the auditor could refuse to issue the warrant. Nevertheless, the party was entitled to a certificate showing his right to a warrant when the money should be available for the payment of the claim.

It is next contended that the judgment was improper because there was no quorum present at the time the vote was taken to allow the claim. It is in dispute as to whether or not the retiring member heard the question put, and could have participated in the voting at the time the vote was taken. Under the instruction above set out the court properly submitted this dispute to the jury, and the jury found the issue of fact for the plaintiff.

We think if the motion was put and vote taken while the retiring member was still within hearing distance with opportunity to vote upon it, there was a quorum present and a majority of the quorum could make the allowance.

There is ample evidence to support the jury's verdict that the retiring member was physically present and within hearing distance when the vote was taken and had ample opportunity to vote.

This dispute in the evidence must be decided by somebody, and the jury is the proper functionary to decide disputed questions of fact.

It is next contended that the record fails to show that said claim was allowed at a regular meeting of the commission, or that all the members had notice of the time and place of said meeting. The act is silent as to what time meetings shall be held. It is provided in the act where the commission is created that it shall have power

to elect its own secretary, and within a reasonable time after its creation, that the Governor could call a meeting and organize and proceed to carry out the provisions of the Act.

It will be seen that this has reference to its organization for the purpose of carrying out the act, but does not fix any regular days upon which regular meetings shall be held. The record is silent as to any specific call or any notice to absent members, but the testimony shows that the commission had met regularly in the Governor's office early in each month and on Thursday, and the minutes of the commission show a meeting was held by the commission, and it will be presumed to have met in accordance with regulations adopted by it or upon proper notice. Officers are presumed to act in accordance with the law and do what is necessary to be done. The building commission is not a court of special and limited jurisdiction which can only act upon conditions named in the statute, and under limitations specially provided for by law. Where such is the case, the body is said to be a court of special and limited jurisdiction and its records must show jurisdictional facts. A board acting under the limitations named in the statute prescribing conditions and methods must show facts which warrant its action. Here, the act merely imposes upon the building commission the duty of carrying out the provisions of the act, and does not prescribe the particular methods or circumstances under which the commission is to act. In such case the presumption must be indulged that the meeting was properly held by lawful authority.

We think there is no merit in this contention of the assignment of error.

It is next contended that chapter 291, Laws of 1928, is unconstitutional, because it ingrafts upon an appropriation bill particular legislation. It appropriates one million six hundred thousand dollars for improvements at the University of Mississippi, and provides in

the same act for the personnel of the building commission, prescribing its duties and powers. In other words, that chapter 291 has general legislation as a part of an appropriation bill.

We think there is no merit in this contention, because the statute only provides for the carrying out of the purposes of the act by creating the building commission. The Legislature can provide in bills making appropriation for the expenditure of the money, and the conditions upon which it may be drawn from the treasury, and for the administration of the fund, so long as the machinery created is limited to the appropriation so made.

We think the other assignments of error are without merit, and the judgment is affirmed.

Affirmed.