THOMAS *v*. PRICE, STATE AUDITOR.

(Division B. Dec. 17, 1934.)

[158 So. 206. No. 31483.]

**Stirling & Stirling**, of Jackson, for appellant.

**J. A. Lauderdale**, Assistant Attorney-General, for appellee.

Argued orally by **J. B. Stirling**, for appellant, and by **J. A. Lauderdale**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed his petition in the circuit court of Hinds county against appellee for a writ of mandamus requiring appellee to issue him a warrant on the state treasurer for the payment of certain fees and commissions growing out of the sale by him as sheriff and tax collector of Bolivar county of delinquent tax lands which had not been redeemed and later sold by the state. Appellee demurred to the petition, the demurrer was sustained, appellant declined to plead further, and thereupon final judgment was entered dismissing the suit. From that judgment appellant prosecutes this appeal.

The petition sets out substantially the following facts: That appellant while sheriff and tax collector of Bolivar county during the years 1924-1927, inclusive, made sales of certain lands of that county for their unpaid taxes as required by law; that part of these lands was sold to the state; that a certified list of the lands sold to the state was transmitted by the appellant to the chancery clerk of Bolivar county, this list showing descriptions of the lands sold, each item of fees and commissions incident to the sales, including such as were due appellant as

sheriff and tax collector; that within ten days after the time for the redemption had expired the chancery clerk certified the list to the land commissioner of the state; that the land commissioner later sold all these lands for prices more than sufficient to pay all the fees and commissions of all the county officers connected with such land sales, including appellant; that the land commissioner complied with the law in certifying such list to the auditor along with the fees and commissions. There is attached to the petition as an exhibit the list of the lands, along with a statement of the fees and commissions claimed by appellant to be due him. The petition alleged that the Legislature had made an appropriation for the special purpose of paying these fees and commissions, and that there was a sufficient fund still in the state treasury for that purpose, but that the funds were being rapidly exhausted by the payment of such claims; that the auditor had been issuing warrants to pay other claims of the same character, but had refused all appellant's requests to issue him a warrant to pay his claim.

There are two questions in the case: (1) Whether under the law the appellant is entitled to the fees and commissions claimed by him. (2) Whether mandamus is the remedy.

We decide the second question, and the conclusion we reach renders it unnecessary to decide the first. We consider it only in so far as it has a bearing on the question decided. Under the facts and the law, has appellant the right to resort to the extraordinary writ of mandamus?

The statutes involved are as follows: That part of section 1789, Code of 1930, which provides:

". . . For collecting delinquent taxes, there shall be allowed to the tax collector to be collected and accounted for as required by law, payable by delinquent tax payer alone:

(a) Ten per centum on all taxes collected on personal property when collected by distress and sale, or when action has been begun to distrain or sell; and ten per centum on all taxes collected on real property when and after such property has been listed for advertisement for sale; provided no penalty shall attach until thirty days after a legal assessment has been approved.

(b) For such distress and sale of property to collect taxes ...............................$1.00

(c) For each delinquent poll tax collected ........ 1.00

(d) For each conveyance of lands sold to individuals for taxes ........................... 1.00

(e) For advertising and selling each separately described subdivision of land sold for taxes .... .25

(f) And two per centum on amount necessary to redeem. . . .''

And sections 6042, 5998, and 2348, which follow in the order stated:

6042. ''The fees of all county officers allowed by law in connection with lands sold to the state for taxes shall be paid by the state when such land shall be sold by the state. Upon such sale the land commissioner shall carefully calculate said fees and shall certify the same to the auditor who, if he finds the same correct, shall issue his warrants therefor to the proper persons: Provided, that said fees shall lapse as to any land not sold within five years after the period of redemption has expired.''

5998. ''The summons in such suit shall be served on the attorney-general in the mode prescribed by law for the service of a summons in other cases; and he shall appear for the state, and the state shall be proceeded with as if it were between private persons; but a bill shall not be taken as confessed nor a judgment by default be rendered against the state; and the answer of the state to any bill need not be under oath or under the

great seal, but may be made by the attorney-general for the state.''

2348. ''On the petition of the state, by its attorney-general or a district attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law.''

''Mandamus is an extraordinary writ, and ought not to be resorted to where the purpose sought to be accomplished by it can otherwise reasonably be accomplished.'' McHenry v. State, 91 Miss. 562, 44 So. 831, 16 L. R. A'. (N. S.), 1062. Mandamus may be resorted to to compel an officer or tribunal to act, but it cannot be resorted to to control such action where the law vests in the officer or tribunal discretion and judgment in the doing of the act. Madison County Court v. Alexander, Walk. 523; Board of Police of Attala County v. Grant, 9 Smedes & M. 77, 47 Am. Dec. 102; Swan v. Gray, 44 Miss. 393; Mayor, etc., of City of Vicksburg v. Rainwater, 47 Miss. 547; Clayton v. McWilliams, 49 Miss. 311; State Board v. West Point, 50 Miss. 638; Board of Sup'rs of Monroe County v. State, 63 Miss. 135; Shotwell v. Covington, 69 Miss. 735, 12 So. 260.

Section 6042 in unmistakable terms confers on the state auditor discretionary authority in passing on the fees of officers growing out of the sale of tax lands. It provides that the land commissioner shall carefully calculate such fees and certify the same to the auditor ''who, if he finds the same correct, shall issue his warrants therefor to the proper persons.'' ''If he finds the same correct'' could mean nothing else except the exercise of discretion and judgment.

Two things must concur before a warrant can issue—a careful calculation by the land commissioner of the fees and commissions and the certification of the same to the auditor, and the judgment of the auditor that they are correct. The word "correct" in the statute does not refer alone to the calculation made by the land commissioner. It has reference to both the facts and the law. If the land commissioner's calculation is wrong, the auditor's duty is to refuse to issue the warrant, and, if the calculation is correct, but there is no law authorizing the allowance of the claim, it is still his duty to refuse to issue the warrant. The remedy of the claimant then is to resort to section 5997, Code of 1930, which provides that, upon the refusal of the auditor to issue the warrant, he may, when it is not otherwise provided, bring suit therefor against the state. This case itself illustrates the necessity for such suit before mandamus can be resorted to. Here we have the land commissioner making the calculation and certifying the fees and commissions as correct, and the auditor refusing to issue the warrant either on the ground that the calculation was wrong, or, if right, that there was no law authorizing the issuance of the warrant, and, in addition, the attorney-general representing the state, who has no interest except the enforcement of the law, contending that the auditor was right in refusing to issue the warrant, and, on the other hand, competent counsel representing the appellant contending the converse. And there is a show of reason on both sides. That issue must be settled before mandamus can be resorted to.

We do not think the cases relied on by appellant are in point. In Miller v. White, 157 Miss. 114, 126 So. 833, it was held that the auditor had no discretion as to whether he would honor the requisitions of the state tax collector for his commission; that in doing so he did not act in his quasi judicial capacity, but in a merely minis-

terial capacity; that the statute there involved (a different statute from the one here involved) so provided. The court held that the responsibility was that of the state tax collector and not of the auditor; that the state tax collector would be responsible on his bond for the withdrawal of funds from the treasury to which he was not entitled. To the same effect is White v. Miller, State Tax Collector, 159 Miss. 598, 132 So. 745.

Trotter v. Gates, 162 Miss. 569, 139 So. 843, has no application. Gates brought the mandamus to require Trotter as secretary of the building commission to issue a certificate showing that the commission had allowed Gates' account. The issuance of the certificate was a mere ministerial act. Trotter, as secretary of the commission, had no discretion in the matter. In Herbon Bank v. Lawrence County, 109 Miss. 397, 69 So. 209, the bank filed a petition for mandamus to compel the board of supervisors to pay a warrant that had been allowed by the board. That was a matter about which the board had no discretion; it was required by law to levy taxes to pay the warrant.

In Warren County v. Stone, 69 Miss. 375, 11 So. 4, the right to a writ of mandamus was not questioned.

Affirmed.

**Griffith, J.**, disqualified, takes no part.