QUESTIONS: 1. Does the language of Ch. 74-348, Laws of Florida, amending s. 832.06(1), F.S., make reimbursement to the tax collector for worthless checks received by him for state taxes discretionary with the state agency involved? 2. If so, is the discretion limited to determining whether the certificate or report is correct on its face? 3. Does a disapproval of the certificate or report revisit personal liability on the tax collector, or is the state agency required to refund upon receiving a corrected certificate, if the refund is discretionary with the state agency?
SUMMARY: When a tax collector applies for a refund for a worthless check received by him for state taxes, Ch. 74- 348, Laws of Florida, gives the state agency involved a certain amount of discretion as to whether to issue the refund. By the terms of that act, the agency need not issue the refund until it is satisfied with the correctness of the tax collector's certificate or report. To be correct, the certificate or report must present facts which justify a refund under the terms of Ch. 74-348 and must present the facts accurately. The agency responsible for the refund is authorized to make a determination as to both of those requirements. However, a disapproval of refund based upon an incorrect certificate does not revisit personal liability on the tax collector for the worthless check if the collector has complied with s. 10 [s. 195.087(3), F.S.], Ch. 74-234, Laws of Florida, by initiating prosecution for the worthless check. Rather, the effect of a disapproval under Ch. 74-348 is only to suspend the collector's eligibility for refund. Upon correcting any errors found in his certificate or report, and upon submitting a corrected certificate or report, he would then be entitled to a refund to the extent that funds have been remitted and can in fact be refunded by the agency. In my opinion, the language of s. 1 [s.832.06(1), F.S.], Ch. 74- 348, Laws of Florida, does grant a certain amount of discretion to the state agency concerned in approving the refund provided for by the act. The act requires the collector to take certain actions in order to qualify for the refund, culminating in the issuance by him of a certification or report that he has taken the required action and that certain conditions exist, together with a request for a refund. These items are to be sent to the appropriate state agency as specified in the act. The act then provides in pertinent part: Within 30 days after receipt of the request, the [appropriate state agency], upon being satisfied as to the correctness of the certificate of the tax collector, or the report, shall refund the sums of money so certified or reported. . . . Section 1 [s. 832.06(1), F.S.], Ch. 74- 348, supra. (Emphasis supplied.) The statute does not unconditionally direct that refunds be paid. Rather, the state agency concerned is expressly authorized to determine the existence of certain conditions to its satisfaction before remitting the refund. Such statutory language, by its fair import, delegates some degree of discretion to the state agency as to the contemplated action. See Cherry v. Unsatisfied Claim Judgment Fund Bd., 288 A.2d 136 (Md.App., 1972). Having concluded that Ch. 74-348, supra, does vest some discretion in the state agency regarding approval of a refund, the issue is presented as to the ambit of that discretion. Discretion delegated to an agency or functionary of the state by statute can be exercised only within the area circumscribed by the statute. Cf., State v. Stein,198 So. 82 (Fla. 1940). Chapter 74-348 limits the discretion of the state agency concerned with the refund to a determination of the correctness of the collector's certificate or report. Thus the extent of the agency's discretion in approving or disapproving the refund and the permissible scope of the inquiry necessary to exercise its judgment depend upon the meaning of the term "correctness." This is essentially what your second question asks: In determining whether the certificate or report is correct, is the agency limited to the face of the document, or may it inquire behind it to the underlying facts? It is my opinion that the agency is not limited to the face of the document; that it may make an independent inquiry as into the accuracy of the facts certified or reported. Where a certificate for a refund from public moneys is concerned, a statutory requirement that the certificate be "correct" encompasses two elements: The facts presented by the certificate must be essentially accurate, and sufficient facts must be presented in the certificate to justify a refund under the provisions of applicable law. An agency charged with the duty of ascertaining the correctness of the certificate is thus empowered to inquire into both areas. See Thomas v. Price,158 So. 206 (Miss. 1934). Cf. Reynolds Fasteners, Inc. v. Wright,197 So.2d 295 (Fla. 1967). The law applicable to the refund in this instance is Ch. 74-348, supra. That act requires the tax collector to certify or report certain facts in order to be eligible for the refund. He must report that he has, after due diligence to collect the dishonored check, sworn out a complaint in the proper court. Depending upon the particular circumstances he must further certify or report that the person issuing the check cannot be prosecuted for want of a prima facie case, that a warrant has issued but cannot be served on the person, or that the case is being prosecuted but that payment for the check has not been received. Further, he must certify or report the amount remaining unpaid on the check together with court costs expended by his office, if any. If the collector's report fails to contain any of these facts, it would be insufficient to justify a refund, and the state agency may disapprove the refund based upon the incorrectness of the certificate. Further, if upon inquiry it appears that any of the required facts are incorrectly certified, the agency may find the certificate incorrect and disapprove the refund on that basis. For instance, the collector may have mistakenly certified an incorrect figure as to the amount owing on the check or as to court costs. Chapter 74-348, supra, is a remedial act. See 30 Fla.Jur. Statutes s. 6. As such it is entitled, by its own terms, to receive a liberal construction in order to achieve its purpose and to avoid the problem it seeks to eliminate. Section 1 [s. 832.06(2), F.S.], Ch. 74-348, supra. The act must be read together with other legislative enactments dealing with the same subject matter. Florida Jai Alai, Inc. v. Lake Howell Water Reclamation Dist., 274 So.2d 522 (Fla. 1973). Section 10 [s. 195.087(3), F.S.], Ch. 74-234, Laws of Florida, deals with the same subject — personal liability of the tax collector for dishonored checks and relief therefrom. That section states in pertinent part: Checks received by the office of the collector which are returned by the bank upon which the check is drawn shall be the personal liability of the tax collector unless the collector after due diligence to collect the returned check forwards the returned check to the state attorney of the circuit where the check was drawn for prosecution. . . . Under this section, the collector is required to do but two things to be relieved of personal liability — take reasonable steps to collect the amount owing on the check, and, failing that, set the state prosecuting machinery in motion by forwarding the check to the state attorney. Reading the section together with Ch. 74-348, the latter requirement encompasses the duty to swear out a complaint in the proper court. The purpose of both s. 10, Ch. 74-234, supra, and Ch. 74-348, supra, is to provide a mechanism to relieve the tax collector of personal liability for bad checks tendered to him in payment for state taxes. When Ch. 74-348 is read liberally to effectuate that purpose, and when it is read together with s. 10, Ch. 74-234, it is my opinion that a disapproval of refund for incorrectness of the collector's certificate does not revisit personal liability on him for the worthless check. If the collector has taken appropriate steps to initiate prosecution as required by s. 10, Ch. 74-234, he is relieved of personal liability by the terms of that section. Construing Ch. 74-348 in that light, the additional requirements imposed by it relate only to the collector's eligibility for a refund. Thus, if a refund is denied because of incorrect certification, the only effect of Ch. 74-348 is to suspend the collector's eligibility for refund. Upon rectifying the error and submitting a correct certificate, he would then be entitled to a refund. No personal liability reattaches to him during the interim. See AGO 073-219. Of course, repayment by the state agency is required only to the extent that funds have actually been remitted by the collector and can in fact be refunded by the agency. See AGO 071-153. That opinion remains applicable as to the availability of refund as distinguished from entitlement to refund. However, in view of the amendment of s.195.087, F.S., by s. 10, Ch. 74-234, supra, that opinion no longer governs the conditions for relief from personal liability for the several tax collectors. If the collector has complied with s. 10, Ch. 74-234, it is now my opinion that the inability of the agency to make a refund for whatever reason does not revisit personal liability on the collector, any more so than does an agency's disapproval of the collector's certificate.